## SMITH *vs.* GEORGE.

Where A and B have been working for C under the employment of D, and distrusting the ability of D to pay them, refuse to go on; and to induce them to do so, C agrees to pay them himself, or see them paid; this promise may include what is due for past as well as future services.

In order to bind a contract made with a minor, it is not necessary that their parent be present. It is enough if the father or mother subsequently ratify the agreement.

Complaint, in Floyd superior court. Tried before Judge HAMMOND, February Term, 1859.

This was an action brought by Mrs. Sarah George, against William R. Smith, to recover two hundred and sixteen dollars for the work and labor of her two sons,

Jarrett and Joshua, alleged to have been done and bestowed in and about the erection of a bridge. The demand was in the form of an account, as follows :

Wm. R. Smith,
                    To Sarah George,                        Dr.
1852.

| | |
|---|---|
| To work and labor done by son Jarrett from 1st April to 25th Dec., at $12 per month, | $108 00 |
| To work and labor done by son Joshua, from 1st April to 25th Dec., at $12 per month, | $108 00 |
| | $216 00 |

Plea, the general issue.

It appeared that one Brown contracted to build a bridge for defendant across the Etowah river. That he undertook the job at a stipulated price; employed laborers and workmen, and amongst others Jarrett and Joshua George, minor sons of plaintiff. There was testimony that the hands, or some of them, doubting Brown's ability to pay them, made complaint and were about to quit the work, when defendant made some promise that if they would work on he would pay them, or see them paid. The evidence was somewhat conflicting on this point. Plaintiff proved that her boys worked at the bridge about five months, and that the services of one was worth about $10 per month, the other about $8.

The defendant requested the court to charge the jury that he could not be liable for more than the work done by the boys *after* his promise to pay. The court charged that this was so, unless defendant agreed and promised at the time to pay for the whole work, as well that done before as after the promise, in which event he would be bound for the whole. To which charge, as given, counsel for defendant excepted.

Defendant also requested the court to charge, " that to entitle plaintiff to recover, they must believe the boys

went to work originally under the contract with Brown, and the plaintiff afterwards became dissatisfied, and refused to permit them to work longer, unless defendant would agree to pay for their work, and that it was in consequence of that promise that they continued to work; and this promise must have been made, or made known to plaintiff, and she acted on the faith of it in permitting her boys to remain." This charge the court refused to give, and defendant excepted.

The jury found for the plaintiff one hundred dollars, and defendant moved for a new trial on the ground of error in the charges above excepted to, and upon the additional ground of newly discovered evidence. The court refused the motion and defendant excepted.

T. W. ALEXANDER, for plaintiff in error.

SHROPSHIRE, contra.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We affirm the judgment of the court below on all the grounds taken in the bill of exceptions. The judge charged the law correctly, and as favorable to the defendant as he was entitled to.

Why should these boys go unpaid? Ought not Mr. Smith to pay somebody for the work and labor which they did for him, and that, too, at his own special request?

As to the newly discovered testimony, the showing is not sufficient to let it in; and if it were submitted to a jury, it could not change the result.

The fact that their mother said she wished them to work with Mr. Brown to learn their trade, is not inconsistent with the idea that they should be paid for their services by Mr. Smith.

Judgment affirmed.