SARAH ERAMBERT, plaintiff in error, *vs.* JAMES J. SCARBOROUGH, defendant in error.

A judgment rendered by the Judge of the Superior Court, without the verdict of a jury, in a civil case founded on contract, when an issuable defense is filed on oath, should be set aside.

Pleading. Practice. Judgment by Court. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

James J. Scarborough brought complaint against Sarah Erambert. The case being called and no response made by the defendant or her counsel, judgment was rendered by the Court for $150, with interest and costs. Subsequently a motion was made to vacate said judgment upon the ground that an issuable defense had been filed on oath to said suit, and that the judgment of the Court without a verdict of a jury was void. The motion was overruled and plaintiff in error excepted.

JOHN R. WORRILL, for plaintiff in error.

N. A. SMITH; A. R. BROWN, represented by B. P. HOLLIS, for defendant.

Bennett *et al. vs.* Williams.

MONTGOMERY, Judge.

Article V. section 3 and paragraph 3 of the Constitution gives the Court authority to render judgment, without the verdict of a jury in all civil cases founded on contract, where an issuable defense is not filed on oath. Section 13 of the same article provides that the right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate. Before the Constitution, cases like the present in the Superior Court were tried by jury. That mode of trial must "remain inviolate," except where "an issuable defense is not filed on oath."

Judgment reversed.