## WILENSKY *v.* BRADY.

1. The Civil Code, § 4652, expressly provides that on the hearing of a writ of certiorari the judge of the superior court may return the same to the court below with instructions.
2. Where such instructions are given, and not reversed on the application of the opposite party, they are to be treated as the law of the case.
3. The judge of the superior court granted a new trial, with instructions that if, on the second hearing, the evidence was the same, the jury should find for the plaintiff in some amount. The evidence was the same on the second trial, but the jury found for the defendant, who again sued out a writ of certiorari. *Held,* that the same should have been sustained and the case returned to the lower court, with instructions to follow the directions previously given and still of force.

Argued October 6,—Decided October 17, 1904.

Certiorari. Before Judge Cann. Chatham superior court. January 28, 1904.

Wilensky brought suit against Brady in a justice's court. On appeal to a jury the verdict was in favor of the defendant. Wilensky petitioned for a certiorari, on the ground, among others, that the verdict was contrary to the evidence. The judge of the superior court sustained the certiorari, and in his order, after holding that the verdict was contrary to evidence, said: "This case . . must go back for a new trial. . . The only question involved is the damages sustained by Wilensky for the breach of the contract. . . Let the jury, therefore, in trying this case again in the justice's court, if the testimony is substantially the same that it is now, find for the plaintiff some amount; and the measure of his damages is the value of what he lost. . . The damages which naturally flow, in the usual order of things, from the breach of the contract, is what he is entitled to recover. Of course, if the testimony is different on the next trial, these instructions will not apply." On the second trial the evidence was the same as on the previous hearing, and the plaintiff requested the justice to read to the jury the judgment of the superior court, and to instruct them as to what their duty was in view of this order. The justice declined to do this, but permitted counsel for the plaintiff to read to the jury the instructions of the judge of the superior court. Counsel for the defendant insisted that the instructions as to what the jury should do on the new trial were

not a judgment, but merely an opinion, and not binding. The jury retired and brought in a verdict for the defendant. The plaintiff again applied for a certiorari, and, on the hearing, the court held that there was evidence to sustain the finding for the defendant, and overruled the certiorari. Wilensky excepted.

*William H. Boyd*, for plaintiff.

*Emile Newman* and *Jacob Gazan*, for defendant.

LAMAR, J. In certiorari cases the judge of the superior court may make one of four orders: (1) if there is no error, the writ should be dismissed; (2) if there is no question of fact, and an error of law which must finally govern the case, the judge of the superior court must himself make a final disposition of the cause; (3) if there is other form of error, he may grant a new trial generally, returning the case to the court from which it came; or (4) if such error has been committed, he may return the case to the lower court with instructions. Unless the opposite party obtains a reversal of the judgment containing the instructions, they become the law of the case, and must be given full effect on the second trial. Not only is this required by the express language of the statute, but the same result would follow from the general law applicable to judgments. Whether considered under the head of stare decisis, law of the case, or res adjudicata, instructions like those contained in this record are binding. The evidence on the second trial was the same as on the first. In view of that fact and of the instructions of force, the jury were bound to find for the plaintiff. This certiorari should have been sustained and the case again returned to the justice's court, with instructions to follow the directions previously given.

*Judgment reversed. All the Justices concur.*