*Maddox & Doyal,* for plaintiff.  *W. B. Mebane,* for defendant.

---

### 9688.  WEST v. HENDERSON, administrator.

LUKE, J.  1. While a judge of the superior court, in sustaining a petition for certiorari, may return the case to the trial court with instructions, and such instructions become the law of the case when not reversed by

the appellate court, yet, to be binding, the instructions must be specific. Where the judgment sustaining a certiorari was as follows: "The within certiorari coming on to be heard, after considering same, it is ordered and adjudged that it be granted and that a new trial be had in the justice court. It is the judgment of this court that the justice court hear the evidence, and decide from it whether or not the contract at the time of purchase was that the due bill sued on was to be settled by the note, *as well as the other issues* [italics ours]. This is not to be construed as any intimation on the facts," the instructions thus given confined the issues to none other than all those raised by the pleadings. The justice of the peace did not err in so holding when the case came on for a new trial.

2. The right to open and conclude the argument in a case may be a valuable right; but where the defendant admits a prima facie case and assumes and undertakes the burden of proving his defense, and the evidence demands a finding in favor of the defendant, the plaintiff is not harmed by losing the right to open and conclude the argument of his case.

(a) The defendant in this case admitted by his plea a prima facie case, and assumed the burden of proof, and the justice of the peace did not err in permitting him, to open and conclude the argument to the jury.

3. There were two verdicts in favor of the defendant in this case, and no error of law is shown to have been committed by the justice of the peace. The judgment sustaining the certiorari and granting a new trial, stating that it was granted upon two certain alleged errors of law, is Reversed. *Wade, C. J., and Jenkins, J., concur.*

DECIDED OCTOBER 16, 1918.

Certiorari; from Habersham superior court—Judge J. B. Jones. March 15, 1918.

*J. C. Edwards & Sons,* for plaintiff in error.

*I. H. Sutton,* contra.