16242, 16243. SHEHANE *v.* WIMBISH; and *vice versa.*

1. Where two statutes passed at the same session of the General Assembly are approved by the Governor on the same day, but one of them provides that it is not to become effective until the other becomes law, they will be construed together; and the statute controlled by that provision will go into effect immediately upon the happening of the contingency provided for, without reference to the order in which they were approved by the Governor. Thus, where a local bill for the creation of a city court provided that it should not go into effect until another pending bill, providing for the incorporation of the city, should become law, and where both bills were approved on the same day, the order of their

approval will not be inquired into, and the city court thus created will be deemed a court established in a city. It being otherwise a constitutional court, the Court of Appeals has jurisdiction of writs of error therefrom.

2. Where a statute creating a city court provided that either party may file at a certain time a written demand for a jury trial, and that in the absence of such demand the court should have jurisdiction to try the cause without the intervention of a jury, the court had jurisdiction to try exceptions of fact to an auditor's report, without the intervention of a jury, where no such original written demand for jury trial had been filed by either party, and the judge did not abuse his discretion in subsequently refusing to refer the exceptions of fact to a jury.

3. The court did not err in admitting the documentary evidence described in the third division of the opinion.

4. The judgment was authorized, though not demanded, by the evidence; and for none of the reasons assigned can it properly be set aside.

DECIDED NOVEMBER 16, 1925.

Exceptions to auditor's report; from city court of Lexington— Judge Joel Cloud. August 11, 1924.

Wimbish brought a suit against Mrs. Shehane, in the city court of Lexington, for a balance alleged to be due him on a contract for the erection of the Palace Theater, in Athens, Georgia. With this claim and in the same count he joined a claim for balance alleged to be due for other work done for the defendant on other contracts, consisting partly of work in remodeling and repairing another building, referred to as the bank building, and consisting partly of work done in making an estimate of the value of other property belonging to defendant. The defendant filed a plea and answer in which she joined issue as to the correctness of certain charges by the plaintiff with reference to the construction of the theater building, contending that it had been agreed between them that the plaintiff should be paid a certain percentage of the total cost of the theater as compensation for his services as contractor; and that she had been deceived by the misrepresentations which the plaintiff made to her as to the prospective cost, as an inducement to the making of this contract. She contended that he made an estimate which was much less than the figure that she was ultimately required to pay; that the plaintiff knew of the falseness of his estimate, and practiced this deceit upon her for the purpose of obtaining the contract, knowing that if he had told her the truth, he would not have obtained the contract. It is disclosed by her plea that the low estimate about which she com-

39

plains was set forth, as an estimate, in the contract signed by each of them, but she seeks to avoid the effect of her own stipulated estimate by showing that she was deceived by the plaintiff's false and fraudulent representation with reference to it. The plaintiff demurred to this special plea, on the ground that it was not a good legal defense to his action, and that it was an effort to plead damages arising ex delicto to an action ex contractu in the city court. This demurrer was overruled. In the cross-bill of exceptions this is assigned as error. Demand for a jury trial was not made by either of the parties at the return term, in compliance with the act creating the city court of Lexington.

The case was referred to an auditor, who heard the case and made a report in which he virtually sustained the claim of fraud and deceit charged by the defendant, and found against the defendant for a comparatively small amount, to wit, $435.76 with interest. Both parties filed exceptions of law and fact to the auditor's report. The court passed upon the exceptions of law, sustaining some and overruling others. It appears that on the first trial of the exceptions of fact both parties consented that the same might be tried without the intervention of a jury. The finding of the trial judge was in favor of the plaintiff as to practically his whole claim. The defendant sued out certiorari, and the superior court sustained some of his assignments of error and overruled others, and ordered a new trial of the questions of fact. At and before this second trial the plaintiff moved that the case be again tried by the court without a jury. The defendant objected to this, on the ground that her prior consent for the court to try the case applied only to that particular trial; that the judge was disqualified in the matter; and that in the exercise of a proper discretion he ought not to try the case again. The court sustained the plaintiff's motion and again tried the case, rendering practically the same judgment rendered on the first trial. During the progress of the case the plaintiff filed exceptions pendente lite to the overruling of his demurrer to the defendant's plea; and the defendant filed exceptions pendente lite to the ruling as to trial by the court without a jury.

*Hamilton McWhorter, W. W. Armistead, Tutt & Brown, Erwin, Erwin & Nix,* for Mrs. Shehane.

*John J. Strickland,* contra.

Jenkins, P. J. (After stating the foregoing facts.) 1. A motion to dismiss has been made by Wimbish, the defendant in error in the main bill of exceptions, on the ground that this court is without jurisdiction to entertain the same. He contends that Lexington was not a city when the city court of Lexington was created by the General Assembly, and that, therefore, the city court of Lexington is not a constitutional city court, and the writ of error will not lie. The act incorporating the City of Lexington and the act creating the city court of Lexington were approved on the same day. The order in which they were approved is not disclosed by the record. The act creating that court contained the following provision: "Sec. XLVI. Be it enacted . . that this act shall go into effect immediately upon the approval of an act before the present General Assembly to incorporate the City of Lexington, in Oglethorpe county, but this act shall not be effective until the act above mentioned shall become a law." Ga. L. 1899, p. 406. The act incorporating the City of Lexington appears in Ga. L. 1899, p. 239. Irrespective of any presumption which might exist as to the order of approval, so as to establish the legality of the city court act, it would seem that it really makes no difference in what order the two acts were approved, for the reason that the legislature may enact a law to take effect upon the happening of a future event or contingency; and it makes no difference what the nature of the contingency is, so that it be a moral and legal one, not opposed to sound policy. *Floyd County* v. *Salmon,* 151 *Ga.* 313 (106 S. E. 280); *Ross* v. *Jones,* 151 *Ga.* 425 (1) (107 S. E. 160); Barrett *v.* Dallmeyer, (Mo.) 245 S. W. 1066; Poindexter *v.* Pettis County, (Mo.) 246 S. W. 38; Washington Terminal Co. *v.* District of Columbia, 36 App. (D. C.) 186; Ex parte Ah Pah, 34 Nev. 283 (119 Pac. 770).

2. Defendant in the court below, who is plaintiff in error in the main bill of exceptions, preserved exceptions upon the ground that the judge of the city court of Lexington refused to refer to a jury the exceptions of fact to the auditor's report, but tried them himself and rendered final judgment thereupon. In her exceptions pendente lite it appeared that no original written demand for a jury trial was made by either of the parties at the call of the case, as authorized by the act creating the city court of Lexington. There were two trials of the exceptions of fact to the auditor's

report, one before a certiorari was sued out and the other afterwards. At the first trial it appeared that there was an actual agreement in open court, by both litigants, that the judge should try the exceptions of fact without a jury. The judge found for the plaintiff, and the defendant sued out a certiorari. The superior court sustained certain exceptions of law and overruled others, and ordered a new trial. At the second trial the defendant sought a trial by jury of her exceptions of fact. She contends that her previous consent went only to the particular trial, and did not estop her from subsequently exercising her right to have a trial by jury of her exceptions of fact, at the second hearing. The Civil Code (1910), § 5141, provides: "In all cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury *as in other cases of fact.*" This is a general law, but must be construed with reference to the local statute creating the city court of Lexington, providing how a jury trial in causes pending therein may be dispensed with. This particular provision of the code is no more predominating in its effect as to the right of trial by jury than the constitutional provision as to jury trials of issues of fact generally. It seems, since the local statute provides that a party who does not at the time specified file a written demand for a jury trial forfeits his right to present and future trials by jury, notwithstanding the general constitutional provision preserving the right of jury trial, that the statute would apply to trials of exceptions of fact to an auditor's report. It will be recalled that the statute providing for trial by jury of exceptions of fact to an auditor's report limits the operation of such procedure "as in other cases of fact." While the exact point seems never to have been absolutely ruled in our State, there is a dictum of Powell, J., in the case of *Forbes* v. *Davis,* 8 *Ga. App.* 560, 561 (69 S. E. 1132), which throws light on the matter. He there says: "It is true that under the act creating the city court, in which the case was tried, jury trial is waived unless demanded, but this fact does not render the error of the court's striking the exceptions harmless. *It gave the judge the power of himself examining the exceptions on their merits, or, if he so chose, of referring them to a jury,* but not the right of striking them and directing a verdict." He invoked a comparison with the case of *Pelham Manufacturing Co.* v. *Powell,* 8 *Ga. App.* 38 (68 S. E. 519), where

it was held that "When a statute confers upon the judge of a court jurisdiction to try the facts, unless jury trial be demanded at the return term, no subsequent demand for a jury trial can thereafter divest the judge of this jurisdiction, though in the meantime the case has been tried once and a new trial granted. The statute relates to cases, and not to trials." This case, in principle, governs the case at bar on this point. We do not put the decision upon the intermediate waiver of trial by jury, which both litigants made in open court. That waiver doubtless was intended to apply only to that particular trial, and possibly would not be comprehensive enough to cover a later trial. We put the decision upon the effect of the local statute quoted above. Of course, when no jury trial has been demanded, and the act is not mandatory for the judge to try the case, the judge has a discretion to refer the issues to a jury, but in the record we find no evidence of an abused discretion on the part of the judge. We can not impute to his honor an improper exercise of this discretion simply because he arrived at the same conclusion again.

3. Mrs. Shehane assigns error upon the ruling admitting a certain lease contract between herself and Schiller and his associates, in which it was agreed that the latter parties should pay to her a certain percentage of the value of the land plus the cost of the improvements as an annual rental of the theater. This assignment was upon her exceptions pendente lite. It appears that this document was admitted over her objection, in the hearing before the auditor; the auditor, in his ruling, restricting its effect simply to showing the interest of Schiller and his associates in the subject-matter of the litigation. The judge of the city court, upon exception to this ruling of the auditor, held that such evidence was admissible, not only to show the interest of these parties named, but also upon the general question of Mrs. Shehane's claim for damages. When the judgment of the city court upon the exceptions to the auditor's report were passed upon by the superior court, in the certiorari proceedings, the action of the city court judge in approving the admission of this evidence for the general purposes mentioned was affirmed. Whether the judgment of the superior court, not having been excepted to, became the law of the case, so that its correctness can not now be inquired into by this court (see Civil Code (1910), § 5201; *Wilensky* v. *Brady*, 121 *Ga.* 90, 48 S. E.

687; *Couch* v. *White,* 18 *Ga. App.* 198, 89 S. E. 183; *West* v. *Henderson,* 22 *Ga. App.* 701, 97 S. E. 100), counsel for Mrs. Shehane, in their brief, concede that such would be true if the judgment involved "rulings of law," it being their contention, however, that the superior court, in passing upon this matter, was in reality acting upon an exception of fact, and not of law; and that, therefore, there would be no estoppel by judgment. But we are at a loss to see how an exception to the admission of evidence could ever be properly considered as an exception of fact and not of law; in whatever category it may have been placed by the pleadings. But irrespective of whether the evidence was properly admitted on the last trial under "the law of the case," and irrespective of the correctness of the contention just mentioned, we think the admission of the evidence complained of was not in fact erroneous, since, while it could not be taken as in any wise conclusive upon the question of damages, yet it was a circumstance throwing light upon this issue, which could be properly considered together with all the other facts and circumstances of the case.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concurring.*