46391.   GULF STATES CONSTRUCTION, INC. v. SUPERIOR RIGGING & ERECTING COMPANY.

PANNELL, Judge. Superior Rigging & Erecting Company brought an action against Gulf States Construction, Inc., for a balance due arising out of a contract for work between them alleging that "all of the payments due under said contract, . . . have been paid by the defendant to the plaintiff with the exception of payments aggregating the sum of $12,688.39, which arise out of the work and charges set forth in . . . Exhibit B, and made a part of this paragraph and petition. It is shown that the total of said invoices amount to $20,062.46, however, $6,701.82 has been paid on the said invoices and in addition thereto a credit has been allowed in the sum of $672.25, leaving a balance of $12,688.39." The Exhibit B attached was a typed description of payment detached from a check issued by Gulf States Construction, Inc., on 1/19/68 showing invoices totaling $20,062.42, less certain deductions amounting to $13,360.64, leaving a balance (the amount of the check) of $6,701.82. The deductions listed were as follows:

| | | |
|---|---:|---:|
| "Total unapproved extras | 672.25 | |
| Building siding cost | 7,206.91 | |
| New flashing cost | 1,650.00 | |
| new Monovent siding cost | 2,521.48 | |
| handling cost | 1,110.00 | |
| siding storage | 200.00 | 13,360.64" |

The defendant answered setting up as a defense that the plaintiff owed the defendant $13,138.39 composed of the following items: "1. Storage of siding from January 29, 1968 to February 28, 1969—$650.00. 2. Purchase of new siding damaged because not properly stored by plaintiff—$7,206.91. 3. Purchase of new flashing—1,650.00. 4. Purchase of new monovent siding—$2,521.48. 5. Labor and handling furnished by defendant—148 hours at $7.50 per hour—$1,110.00."

By amendment to its answer, defendant pleaded an accord and satisfaction, alleging there was a dispute regarding damage to certain siding unloaded by the plaintiff on the building site. Upon the trial of the case, the evidence was undisputed that a letter was written to the plaintiff informing plaintiff that the deduction for the claimed damages would be made from payments and that these deductions were made from the invoices totaling $20,062.46, as shown on the description of payment stub detached from the check issued therefor by the defendant payable to the plaintiff and that plaintiff accepted and cashed the same. Both parties made motions for directed verdict and the trial court directed a verdict for the plaintiff. *Held:*

"When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated; but this rule does not apply where the contract is executory and must be enforced in a court of law. *Code* § 20-1204." *Rivers v. Cole Corp.*, 209 Ga. 406 (73 SE2d 196). The acceptance and cashing of the check with the deductions stated thereon, with full knowledge that these deductions had been made, constituted an execution of the contract of accord and satisfaction. The trial court erred, therefore, in directing a verdict for the plaintiff and in refus-

ing to direct a verdict for the defendant; that is, that the defendant was not indebted to the plaintiff. Judgment is reversed with direction that a judgment be entered in favor of the defendant on the plea of accord and satisfaction.

*Judgment reversed with direction. Bell, C. J., and Deen, J., concur.*

ARGUED JUNE 28, 1971—DECIDED NOVEMBER 22, 1971—REHEARING DENIED DECEMBER 13, 1971—

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant.
*John L. Watson, Jr., James L. Flemister,* for appellee.