## 31801. MARLER v. C & S BANK OF MILLEDGEVILLE.

BOWLES, Justice.

The Citizens & Southern Bank of Milledgeville filed a complaint against Marler seeking repayment of a loan as evidenced by a note. Marler filed an answer on December 10, 1974, and in a counterclaim contended that the note was invalid, as it was a part of a scheme to defraud him. Neither party demanded a jury trial in the original pleadings.

The case was placed on the nonjury trial calendar of the Cobb County State Court. This calendar was published and sent to the parties. On April 4, 1975, after receiving the calendar, Marler orally requested a jury trial. On April 10, 1975, he amended his answer to make the same request. The bank responded with a motion in opposition to defendant's request. After hearing oral argument on the issues raised in the motions, the trial court denied Mr. Marler's request for a jury trial, finding the request was not timely filed and was interposed solely for the purpose of delay.

The case came on for trial. Marler renewed his request for a jury trial which was again denied. The case was tried before a judge without a jury who, at the close of all evidence, entered a judgment in favor of the bank in its suit on the note, and against Marler on his counterclaim.

Mr. Marler's motion for new trial was overruled. In an appeal to the Court of Appeals, the judgment of the State Court of Cobb County was affirmed. This court granted a writ of certiorari to determine whether the Civil Practice Act applies to the State Court of Cobb County and, if applicable, whether it gives the defendant in this

case a right to a jury trial.

In its opinion, the Court of Appeals held that Section 8 of the 1964 Act creating the Civil and Criminal Courts of Cobb County, and not the CPA, controlled in this case. Thus, they concluded that the CPA's rule on waiver of jury trial was properly disregarded by the trial court herein.

We disagree. In *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70) (1976), this court acknowledged that in 1970 the General Assembly acted to make certain courts below the superior court level a harmonious part of the trial court system. Ga. L. 1970, pp. 679, 680. In order to accomplish this goal, all state courts having concurrent jurisdiction with superior courts to try misdemeanor cases by a jury trial or having civil jurisdiction unlimited in amount with superior courts in all matters, with certain exceptions, became subject to the rules of practice and procedure that are applicable to the superior courts as set forth in the CPA. By finding that the State Court of Cobb County was covered under the 1970 State Court Act, which superseded the 1964 local Act, *Johnson* requires a finding that the CPA applies to that court.

The CPA provides that the right of a jury trial by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate. Code Ann. § 81A-138. The CPA allows amendments to pleadings at any time before the entry of a pre-trial order. § 81A-115(a). The Cobb County local statute (Ga. L. 1964, p. 3211) requires a demand for jury trial to be made at the time of filing of an answer and not otherwise. Thus, the Cobb County local statute, as written, denies a litigant the right of amendment, as far as requesting a jury trial is concerned, and such a restriction is clearly in conflict with § 81A-115 (a) of the CPA. The CPA must prevail. *Johnson v. Barnes,* supra.

Marler filed an amendment to his original answer asking for a jury trial. The amendment was filed before the entry of a pre-trial order. Under the liberal pleading rule of the CPA, the amendment would relate back to the original date of filing. Code Ann. § 81A-115.

However, after a careful review of the evidence, we find that a judgment in favor of the C & S Bank was

344

demanded. Code Ann. § 109A-3—307 (2); § 109A-3—403
(2) (a); § 109A-3—115 (2); *Southern Oxygen Supply Co. v.
DeGolian,* 230 Ga. 405 (197 SE2d 374) (1973); *Bostwick
Bkg. Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890) (1970). Any
error in denying the appellant's request for a jury trial
was harmless. We affirm the result reached by the Court
of Appeals for this reason only.

*Judgment affirmed. All the Justices concur, except
Jordan and Hill, JJ., who concur in the judgment only
and Hall, J., who dissents. Ingram, J., disqualified.*

ARGUED MARCH 14, 1977 — DECIDED JUNE 9, 1977 —
REHEARING DENIED JULY 1, 1977.

*Barnes & Browning, Roy E. Barnes, Thomas J.
Browning,* for appellant.

*Alston, Miller & Gaines, R. Neal Batson, Ben F.
Johnson, III,* for appellee.

HILL, Justice, concurring specially.

The State Court of Cobb County is subject to the Civil
Practice Act. Code Ann. §§ 24-2107a, 24-2108a, 81A-101;
*Johnson v. Barnes,* 237 Ga. 502 (2) (229 SE2d 70) (1976).

In cases tried in courts subject to the Civil Practice
Act the right of trial by jury is preserved to the parties
unless waived by written stipulation or oral stipulation
made in open court and entered in the record. Code Ann.
§§ 81A-138, 81A-139.

Thus, in my view, the Cobb County local Act (Ga. L.
1964, p. 3211), which requires a demand for jury trial to be
made at the time of filing of an answer and not otherwise,
is in conflict with Code Ann. §§ 81A-138, 81A-139.
Therefore, Mr. Marler was entitled to trial by jury without
making demand therefor.

However, I agree with the majority that a judgment
in favor of the C & S Bank was demanded and that any
error in denying Marler's right to trial by jury was
harmless. I therefore concur in the judgment.

HALL, Justice, dissenting.

The majority opinion holds (1) that the 1964 Act
relating to the State Court of Cobb County, which

requires a written demand for trial by jury, is not on its face in conflict with the Civil Practice Act, and (2) that even though the demand was not made within the time required by the 1964 Act, the CPA, in Code Ann. § 81A-115 (a), gives a party the right to make the demand at any time before the entry of a pre-trial order. I agree that the demand for trial statute is not in conflict with that portion of the CPA embodied in Code Ann. §§ 81A-138 and 81A-139. However, I dissent to the application of Code Ann. § 81A-115 (a).

The fatal flaw in the majority opinion is its holding that an amendment can revive a right that has been waived. The 1964 Act, like Rule 38 of the Federal Rules of Civil Procedure, provides that where the demand for jury trial is not made within the time specified it is waived. "Once effectively waived, the right to a jury trial is not revived by a reversal or a new trial. . . Neither is the right once waived revived by amendment of the pleadings." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2321, p. 104 (1971).

Using the logic of the majority opinion, matters waived under Code Ann. § 81A-112 could be revived under Code Ann. § 81A-115.

I would affirm the judgment based upon the ruling made by the Court of Appeals.