### 54156. REDDING et al. v. COMMONWEALTH OF AMERICA, INC.

McMURRAY, Judge.

Plaintiff filed this action on contract in the State Court of Dougherty County seeking judgment against defendants who had allegedly failed to pay certain sums due under the provisions of the contract. Defendants answered, denying that they had entered into a contract with plaintiff. The case was tried before the court without

a jury. Judgment in favor of plaintiff and against defendants was entered. Defendants' motion to set aside the judgment was overruled, and defendants appeal. *Held:*

1. Generally, procedure in the State Court of Dougherty County is governed by the Georgia Civil Practice Act, Code Ann. Title 81A (Ga. L. 1966, p. 609, as amended). See Georgia Laws, 1976, Vol. II, pp. 3176-3185, Code Ann. § 24-2107 a (Ga. L. 1970, pp. 679, 681). Also *Johnson v. Barnes,* 237 Ga. 502 (229 SE2d 70).

The record contains no consent to trial by the court sitting without a jury as required by Code Ann. § 81A-139 (Ga. L. 1966, pp. 609, 652). See also Code Ann. § 81A-138 (Ga. L. 1966, pp. 609, 652); Code Ann. § 2-3307 (Const. of Ga. 1976, Art. VI, Sec. IV, Par. VII); and Code Ann. § 2-4401 (Const. of Ga. 1976, Art. VI, Sec. XV, Par. I). The case had been continued from September 7, 1976 to September 20, 1976; but it was not heard until September 27, 1976, at which time the court at a bench trial heard evidence and rendered judgment for the plaintiff. Defendants on October 27, 1976, moved to set aside the judgment contending there was a nonamendable defect appearing on the face of the record (Code Ann. § 81A-160 (d); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138), in that the court heard the case without intervention of a jury which had not been waived pursuant to Code Ann. §§ 81A-138, 81A-139, supra. Cases heard on contract where an issuable defense is filed require trial by jury unless waived. *Erambert v. Scarborough,* 46 Ga. 398; *Marler v. C & S Bank,* 239 Ga. 342. See also *Morgan v. White,* 121 Ga. App. 794 (2) (175 SE2d 878); *Tankersley v. Security Nat. Corp.,* 122 Ga. App. 129, 130 (3) (176 SE2d 274); *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818 (2). Inasmuch as Code Ann. § 81A-139, supra, requires a written stipulation filed with the court or "oral stipulation made in open court and entered in the record," consenting to a trial by the court without a jury, and none appears here, the court erred in refusing to vacate the judgment.

2. Another ground for setting aside the judgment raised at the hearing was lack of trial notice as required by Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653;

1967, pp. 226, 245; 1968, pp. 1104, 1108; 1976, p. 1677), but no enumeration is before us on this question. Compare *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868); *Siefferman v. Kirkpatrick,* 121 Ga. App. 161, 163 (173 SE2d 262); *Wilkes v. Ricks,* 126 Ga. App. 266 (190 SE2d 603).

3. Defendants' remaining enumeration of error deals with defendants being forced to proceed to trial in the absence of their counsel. This question need not be decided in light of the fact that this case must be reversed for the reasons stated in Division 1.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED SEPTEMBER 7, 1977.

*Mary M. Young,* for appellants.
*William I. Crosby, Beth Lanier,* for appellee.