55238, 55239. WISE, SIMPSON, AIKEN & ASSOCIATES, INC. v. ROSSER WHITE HOBBS DAVIDSON McCLELLAN KELLY, INC.; and vice versa.

Shulman, Judge.

Rosser White Hobbs Davidson McClellan Kelly, Inc.(hereinafter "Rosser White"), consulting engineers, brought suit to recover payment from Wise, Simpson, Aiken & Associates, Inc. (hereinafter "WSA"), an architectural firm, for services rendered. The jury returned a verdict in favor of plaintiff. Thereafter, the trial court granted defendant's motion for judgment notwithstanding the verdict and entered judgment in favor of defendant. In the alternative, in the event of reversal by this court of the judgment notwithstanding the verdict, the trial court granted defendant's motion for new trial. This appeal, Case no. 55239, follows. We reverse the judgment notwithstanding the verdict and affirm the judgment in the alternative granting the new trial.

1. Suit was originally brought by appellant in four counts. Counts 1, 2, and 3 alleged that various contractors were contractually liable for the performance of certain services rendered by appellant in designing sanitary and plumbing systems; heating, ventilating and air conditioning systems; and electrical systems. These designs were to be used by the contractors in the submission of bids for a proposed construction project. Count 4 incorporated Counts 1, 2, and 3 and alleged that the appellee agreed to pay appellant for the completion of the above designs in the event that the respective above-named contract bids were not accepted or that the

subcontracts did not materialize. It further was alleged that appellant submitted completed designs to appellee, that appellee used these drawings in connection with the solicitation of bids on the project, that the project was abandoned, and that the subcontracts were not awarded. Count 5 sought, in the alternative, quantum meruit recovery for services performed in Count 4.

Appellee, citing *Wheeler v. Friendly Motors*, 138 Ga. App. 260 (226 SE2d 95), contends that appellant is bound by solemn admissions in judicio contained in a complaint filed by appellant in a different suit which alleged that the engineering services which were the subject of Counts 4 and 5 of this action were performed for the owner of the project and that the owner is liable therefor.

It is urged that these admissions preclude recovery in the instant case as a matter of law. We disagree.

An examination of the complaint filed in the Superior Court of DeKalb County shows that appellant alleged that appellee herein, as representative and agent of the owner, agreed to continue the identical design work described in Counts 4 and 5 of this action and that the owner was liable as principal therefor.

It is the law that an "admission contained in the pleadings of one party made by him in another case are admissible in evidence against him when relevant to an issue involved in another case." See *Wheeler,* supra, p. 261.

It is also the law, however, that an admission made in another case does not have the same effect as a judicial admission in the same case. Compare *Dixon v. Cassels Co.,* 34 Ga. App. 478 (2) (130 SE 75) and *Wilkinson & Wilson v. Thigpen,* 71 Ga. 497 (3) with *Plymouth Record Corp. v. Books, Inc.,* 92 Ga. App. 753, 756 (90 SE2d 336). See generally 31A CJS 764, Evidence, § 299, and 31A CJS 927, Evidence, § 381 (f).

In *Murray County v. Pickering,* 198 Ga. 354 (1) (31 SE2d 722), the court was confronted with a situation similar to that involved in the present case. There, the county brought suit to recover money received by the defendant for a construction project. It was alleged that the defendant was an agent for the county by reason of an oral contract and could not properly retain money

received. The defendant asserted that he was an independent contractor and consequently was not obligated or required to account to the county as a trustee. The county sought to introduce admissions of agency by defendant in the pleadings of another suit. The court stated, "While all of the foregoing were properly considered as admissions, they were not such admissions as amounted to an estoppel. Estoppels by admissions made in pleading apply only between parties and privies to the suit or litigation in which the admissions relied on as an estoppel were made. [Cits.]" Id. at 360.

Rosser White offered testimony to explain its admission. The clear import of the testimony was that, while it is customary in the trade to consider the owner responsible for the services which were the subject of this suit, the owner had paid WSA for the services. (WSA offered evidence that the payment to WSA was not intended as payment for Rosser White's services.) The owner denied liability to Rosser White for Rosser White's services by testifying that there were no dealings between the owner and Rosser White and that under the contract between WSA and the owner, WSA was responsible for the performance of said services with its own personnel or by other arrangement. Evidence was also presented to the effect that at the time of filing the DeKalb Superior Court complaint, it was believed that an agency relationship had existed between WSA and the owner. It was submitted in this case that the facts are otherwise. The evidence was sufficient to disprove, rebut or explain Rosser White's admissions in the DeKalb Superior Court complaint.

The motion for judgment n.o.v. could not have been granted on the basis of the admissions contained in the pleadings of the DeKalb Superior Court action. See *Hill v. Armour Fertilizer Works,* 21 Ga. App. 45 (5) (93 SE 511).

2. In a related argument, WSA, citing *Martin v. Pierce,* 140 Ga. App. 897 (232 SE2d 170) and *Johnson v. Hinson,* 188 Ga. 639 (4 SE2d 561), urges that Rosser White's admissions in the pleadings and exhibits in this case demanded the judgment n.o.v. Specifically, it is contended that because Rosser White's complaint alleged that the services which were the subject of the instant case

had been completely performed for the subcontractors named in Counts 1, 2, and 3, Rosser White is precluded from bringing suit against WSA for those same services. This contention must fail.

While it is true that WSA cannot be bound to the contract between Rosser White and the subcontractors (see *Martin,* supra), Rosser White is not asserting liability by reason of this contract.

It was alleged, and sufficient evidence was presented to support a finding, that WSA's liability was predicated on an independent verbal undertaking by WSA whereby, to induce Rosser White to complete its plans, WSA agreed to pay, or see that payment was made to, Rosser White in the event that subcontracts were not entered into with the subcontractors named in Counts 1, 2, and 3. The evidence authorized a finding that the subcontracts were not entered into because the project was abandoned and that WSA had used the plans prepared by Rosser White in soliciting competitive bids on the project. It cannot be said as a matter of law that consideration is lacking or that recovery is precluded because exhibits and admissions disclose that the work was to be performed for the subcontractors. *Smith v. George,* 28 Ga. 43.

3. The trial court's grant of a new trial in the event of reversal of the judgment notwithstanding the verdict was based on the general grounds. To disturb the first grant of a new trial on the general grounds, it must be shown that the court abused its discretion and that the facts demanded the jury verdict in favor of appellant notwithstanding the judgment of the trial court. *City of Atlanta v. Whitten,* 144 Ga. App. 224 (1) (240 SE2d 771). As neither of these was shown, a new trial is in order.

4. Even though this case must be remanded for new trial in accordance with the order of the trial court, this court does not deem it necessary to consider various jury instructions complained of by Rosser White. The jury verdict in its favor rendered charges as to liability harmless. *Belluso v. Sunnyland Foods,* 142 Ga. App. 7 (234 SE2d 821). We note that appellant does not request reversal of the verdict in its favor on the ground that charges relating to damages were in error.

5. In a companion case, No. 55238, Rosser White

(plaintiff-appellant above) brought suit against WSA (defendant-appellee above) for fees allegedly owed on various accounts for consulting services rendered. WSA appeals an unfavorable judgment.

The case was entered on the nonjury trial calendar for the State Court of Fulton County. The trial court, with the consent of the parties, referred the case to an auditor for the taking of evidence. After the auditor issued findings of fact and conclusions of law, WSA, in accordance with Code Ann. § 10-301, excepted to the auditor's report and demanded a jury trial. This demand was denied. WSA appeals from an adverse judgment, rendered by the court without a jury, which approved the auditor's report. It is contended that the court erred in denying WSA's demand for a jury trial. We agree.

A. Code Ann. § 10-402 provides in pertinent part that "[i]n all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact. . ." Code Ann. § 10-301 requires that exceptions of law and fact be filed within 20 days after the report is filed and notice is given.

B. Although the local court statute (Ga. L. 1913, pp. 145, 165, § 39) provides that a failure to demand a jury trial on or before appearance day (as WSA failed to do herein) is deemed to be a waiver of a jury trial, the local court statute must yield to the provisions of the applicable general law if inconsistent therewith. See *Marler v. C & S Bank of Milledgeville,* 239 Ga. 342 (236 SE2d 590) (local court statutes governing demand for jury trial must defer to general law provisions of CPA when in conflict). Accord, *Pittman v. McKinney,* 135 Ga. App. 192 (217 SE2d 446). For exception to the rule, not applicable here, see *Critz Buick v. Aliotta,* 145 Ga. App. 805.

Here, WSA filed its exceptions of law and fact well within 20 days of the filing of the report and of receiving notice. A demand for jury trial was also made at that time.

The local requirement "effectively prevented [appellant from insisting on his § 10-402 statutory rights to a jury trial which arise] from filing exceptions to the auditor's report within 20 days after its filing as is required by law." *Miller v. Turner,* 228 Ga. 701 (2) (187 SE2d 688). The local statute, which requires a demand for

jury trial on or before appearance day, denied the litigant statutory rights to a jury trial and is clearly in conflict with Code Ann. §§ 10-301 and 10-402. The general law must prevail, see *Marler,* supra. *Shehane v. Wimbish,* 34 Ga. App. 608 (2) (131 SE 104), holding to the contrary, will not be followed as it is no longer the law.

C. Rosser White urges, citing *Marler,* that WSA's demand for jury trial was not timely because the demand was made after the entry of a pre-trial order and therefore would not relate back to filing. Pretermitting the question of whether a pre-trial order pursuant to Code Ann. § 81A-116 had been entered, we reject Rosser White's contention that *Marler* controls.

In *Marler,* a demand for a jury trial was made by filing a written amendment prior to the hearing of evidence and prior to the entry of a pre-trial order. The case holds that the local law which fixed a time period for demanding a jury trial must yield to the general provisions of the CPA, which has no such fixed time period and which permits such a demand by amendment at least prior to a pre-trial order.

*Marler* did not hold that a demand after entry of a pre-trial order was not timely; nor did *Marler* hold as an absolute rule that a demand for jury trial was always timely if made prior to a pre-trial order (e.g., where a case has gone to judgment but no pre-trial order has been entered).

We also note that *Marler* would not be authority for avoiding, through the use of the CPA, the effects of general statutes which fix time periods. *Marler,* unlike the case at bar, did not involve a general statute which prescribed a fixed time period for the doing of a particular act. If no exceptions had been filed here, that failure to file exceptions within the statutory time period of Code Ann. § 10-301 could not be cured by later amendment made after the expiration of the time period. (Consequently, a demand for jury trial as to the untimely exceptions could not be granted.) Application of Code Ann. § 81A-115 (c) under these circumstances would frustrate the purpose of the time limitation period and allow a party to do indirectly what cannot be done directly. See *Collins v. Lyon, Lyon & Co.,* 222 Ga. 6 (1) (148 SE2d 428).

In this case, the filing of exceptions was timely and not at issue.

6. Rosser White, relying on *Holloman v. Holloman,* 228 Ga. 246 (184 SE2d 653), submits that even if a demand for jury trial was timely, WSA waived its demand by its actions. Rosser White's reliance is misplaced.

In *Holloman,* the Supreme Court held that a party may waive the right to a jury trial, even though a demand had been properly made, by voluntary actions which negate the demand. But see *Simonton Const. Co. v. Pope,* 213 Ga. 360, 361 (99 SE2d 216) (waiver of right to jury trial under § 10-402 must be express, not implied).

An examination of the record in the instant case shows that the factual situation in *Holloman* did not occur here. Appellant did not voluntarily participate in a trial before a judge without the intervention of a jury. Appellant clearly brought its demand for a jury trial to the court's attention prior to the court's consideration of the report or the court's ruling on the merits. There could be no implied waiver under these circumstances and the trial court's denial of appellant's demand constituted reversible error. *Gregson & Assoc. v. Webb,* 143 Ga. App. 276 (238 SE2d 274) (recognizing that a waiver could be implied by actions; no waiver where, by amendment prior to the hearing of evidence, a demand is filed for jury trial). See also *Camilla Cotton Oil Co. v. C. I. T. Corp.,* 143 Ga. App. 840 (240 SE2d 212) (defendant did not waive jury trial where, prior to conclusion of plaintiff's case, defendant clearly brought to court's attention demand for jury trial and obtained adverse ruling).

Under the controlling authority of *Gregson* and *Camilla Cotton Oil,* since there was no waiver by voluntary actions inconsistent with the timely demand for a jury trial, this case must be reversed.

7. Counsel for Rosser White argues that *Gregson* should not be followed. It is urged that *Gregson* relies on *Redding v. Commonwealth of America,* 143 Ga. App. 215 (237 SE2d 689) and that *Redding* is contrary to the Supreme Court's decision in *Holloman.*

Insofar as *Redding* may be construed to stand for the proposition that a party to litigation can voluntarily

participate in a trial before a judge without a jury, proceed without reservation to have the trial court hear the case without the intervention of a jury, not object to the trial court's rendering judgment on the merits, and, then, after an unfavorable judgment is rendered, set aside the judgment because no jury trial was had, the decision must yield to *Holloman.* See also *Jones v. Childs,* 141 Ga. App. 552 (234 SE2d 87) (situation in superior court where waiver had occurred); *Mullinax v. Shaw,* 143 Ga. App. 657 (2) (239 SE2d 547) (to the same effect).

8. Counsel for Rosser White argues, citing *Marler,* supra, that the judgment in its favor was demanded and that the trial court's denial of WSA's request for a jury trial was harmless. We do not agree.

Conceding that a harmless error rule is applicable here (but see *Guarantee Trust &c. Co. v. Dickson,* 23 Ga. App. 720 (1) (99 SE 313)), the judgment was not demanded.

9. Counsel for WSA asserts that the amounts sought by Rosser White in Counts 11, 12, 15, 16, 17, 18, 21, 22, 33, and 34 were the subject of an accord and satisfaction and that, as to these counts, judgment in its favor is demanded as a matter of law.

WSA wrote Rosser White a letter stating: "We are forwarding herewith our Check No. 7213 in the amount of $13,727.52 as payment for the following items computed as follows." An itemized list of accounts followed. The total of the accounts listed, less deductions which were also listed, tied in to the $13,727.52 figure. An asterisk appears next to two of the accounts in the itemized list. The asterisk referred to a footnote on the bottom of the letter, which stated: "This payment clears all of our aged accounts (per your correspondence dated 9 May 1974 and 11 December 1974) with the exception of the [stated outstanding balances owing on the two asterisked accounts]." WSA argues, citing *Gulf States Const. v. Superior Rigging &c. Co.,* 125 Ga. App. 187 (186 SE2d 588), that Rosser White, having cashed the check, as a matter of law accepted the condition that it cleared all aged accounts (including those which are sought in the above counts). We do not agree.

We would agree that as to the amounts deducted from

the accounts owing and which were necessarily reflected in the $13,727.52 figure, "the accepting and cashing of the check constituted an accord and satisfaction based on the itemization of the deductions." *Souchak v. Close,* 132 Ga. App. 248, 252 (207 SE2d 708).

However, we do not agree that the footnote included, as a matter of law, the accounts sought in the Rosser White complaint. The letters of May 9 and December 11, 1974 do not contain any reference to "aged accounts." The letters were composite billings for work in progress and completed work. Under these circumstances, what constitutes an "aged" account is ambiguous, and is properly the subject for jury consideration. See *Scott v. Imperial Hotel Co.,* 75 Ga. App. 91 (42 SE2d 179) (whether an accord and satisfaction as to "every claim" included the claim which was the subject of litigation held to be a jury question).

10. Because our holdings in Divisions 5B and 6 of this opinion require that the trial court's judgment in the companion case be reversed, we decline to decide issues relating to the sufficiency of the evidence, errors in the judgment of the trial court, and errors in the auditor's report. See *Camilla Cotton Oil,* supra, at Division 3; see also *Griffin v. Collins,* 122 Ga. 102 (7) (49 SE 827).

*Judgment affirmed in part, reversed in part, in Case no. 55239. Judgment reversed in Case no. 55238. Bell, C. J., and Birdsong, Jr., concur.*

ARGUED JANUARY 30, 1978 — 55238, DECIDED APRIL 10, 1978; 55239, DECIDED JUNE 19, 1978 —
REHEARING DENIED JULY 20, 1978 — ▇▇▇▇▇▇▇

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant.

*Sutherland, Asbill & Brennan, Alfred A. Lindseth, James P. Groton,* for appellee.