## WHITAKER & RAMBO INTERIOR DESIGNS, INC.

v.

## PRUDENTIAL PROPERTY CASUALTY INSURANCE COMPANY and Prudential Insurance Company of America.

### Civ. A. No. C80–515A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 5, 1981.

Turem & Kirschner, Atlanta, Ga., for plaintiff.

McLain & Merritt, Atlanta, Ga., for Prudential Property Casualty.

Carter, Ansley, Smith & McLendon, Atlanta, Ga., for Prudential Ins. Co.

### ORDER

TIDWELL, District Judge.

The above-styled matter is presently before the court on the defendants' motion to strike the plaintiff's demand for a jury trial. The relevant facts of the case are as follows. The plaintiff initiated this civil action in the State Court of DeKalb County, requesting relief for a breach of contract. The defendant Prudential Property & Casualty Insurance Co. filed its answer in State Court, asserting, among other defenses, that the defendant was at no time a party to the alleged contract with the plaintiff. Subsequent to the filing of the answer, the defendants petitioned for removal to the District Court for the Northern District of Georgia. It is undisputed that a demand for a jury trial was never filed in the State Court of DeKalb County. On July 25, 1980, four months after removal, the plaintiff filed and served upon opposing counsel a demand for a jury trial.

In their motion to strike the demand for jury trial, the defendants assert that the plaintiff waived its right to a jury trial by failing to properly file a demand in the District Court within ten days after service of the plaintiff with the notice of removal. In contrast, the plaintiff contends that it is entitled by state law to a trial by jury

without a demand and, therefore, need not make a demand in Federal Court in order to preserve its right. The plaintiff explains that the demand filed on July 25, 1980 was for the convenience of the court and not in recognition of a requirement for filing such a demand.

Under Rule 81(c), Federal Rules of Civil Procedure, a party need not make a demand for a jury trial "[i]f state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury. . . ." However, if state law does not provide a right to a jury trial without a demand and no demand is made prior to removal, the party desiring a jury trial must file a demand in the District Court within ten days after removal. Since it is apparent that no demand was made within the ten-day period, the plaintiff's right to a jury trial in this court depends solely on its right to trial by jury under the state law of Georgia.

■ The right to a jury trial in Georgia is set forth in Article VI, Section IV, Paragraph VII (§ 2–3307) which states as follows:

The court shall render judgment without the verdict of a jury in all civil cases, except actions ex delicto, where no issuable defense is filed except as otherwise provided in this Constitution, and subject to the right of trial by a jury on written demand of either party.

The clear implication of this provision is that a party to a civil suit is entitled to a trial by jury where an issuable defense is filed. In the instant case, the plaintiff initiated this action for breach of contract. In its answer, the defendant Prudential Property Casualty Insurance Company denied that a contract existed between the parties, a position which the defendants continue to assert to date. Accordingly, by their own action in this case, the defendants have raised an issuable defense and, thereby, secured the plaintiff's right to a trial by jury. *Redding v. Commonwealth of America*, 143 Ga.App. 215, 237 S.E.2d 689 (1977).

However, in opposition, the defendants contend that the plaintiff waived its right to a jury trial in state court by failing to make a demand in accordance with the local rules of the State Court of DeKalb County. The plaintiff, though, asserts that no rule exists in the State Court of DeKalb County that requires a demand in order to avoid waiver of the right to a jury trial and, in the alternative, states that should such a local rule exist, it could not defeat the plaintiff's right to a jury trial as provided by the Constitution. Although the court is not familiar with the local rule of the State Court of DeKalb County and the evidence of its existence is conflicting in the record, the court, nevertheless, finds it unnecessary to inquire into the local procedures of the State Court of DeKalb County.

■ Under Georgia law, parties to a suit may consent to a non-jury trial and, thereby, waive their rights to a jury trial under the provisions of *Ga.Code Ann.* § 81A–139 (C.P.A. § 39) which provides as follows: "[t]he parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record may consent to trial by the court sitting without a jury." Thus, where a party is entitled to a trial by jury, waiver requires a stipulation which is made a part of the record. It is apparent in the present case that no such stipulation was made prior to removal.

■ Furthermore, the requirement for waiver under C.P.A. § 39 appears to be paramount to any local rule of a state court which imposes a stricter condition on the right to a jury trial. Georgia case law has indicated that a local law which requires a demand for a jury trial as a condition precedent to obtaining a trial by jury must yield to contrary law as set forth in C.P.A. § 39. *Marler v. C & S Bank of Milledgeville*, 239 Ga. 342, 236 S.E.2d 590 (1977); *Servisco, Inc. v. R. B. M. of Atlanta, Inc.*, 147 Ga.App. 671, 250 S.E.2d 10 (1978); *Gregson & Associates, Inc. v. Webb*, 143 Ga.App. 276, 238 S.E.2d 274 (1977). In the present case, the alleged local rule in the State Court of DeKalb County which requires a demand to

preserve the right to a jury trial restricts and limits the right of the parties to a jury trial under C.P.A. § 39 which requires an affirmative act in order to defeat the right to a jury trial. In view of this conflict between the local rules of the State Court of DeKalb County and C.P.A. § 39, the court finds C.P.A. § 39 to be controlling and concludes that the plaintiff did not waive its right to a jury trial in state court. Having been entitled to a trial by jury in state court, the plaintiff correctly assumed that there was no need to file a demand in the court of removal within the ten-day period. The court, therefore, denies the defendants' motion to strike the demand for a jury trial.