FINANCIAL BUILDING CONSULT-
ANTS, INC., Plaintiff,

v.

AMERICAN DRUGGISTS INSURANCE
CO. and Northeast Interior Systems,
Inc., Defendants.

Civ. A. No. C79–625A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 8, 1981.

David H. Flint, Atlanta, Ga., for plaintiff.

J. Larry Palmer, Lithia Springs, Ga., David E. Allman, Atlanta, Ga., for defendants.

ORDER OF COURT

HORACE T. WARD, District Judge.

The defendants have moved for a jury trial in the above-captioned matter. The

demand is opposed by the plaintiff on the ground that defendants have failed to comply with the provisions of Fed.R.Civ.P. 81(c), which provides in pertinent part as follows:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within ten days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within ten days after service on him of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so in a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by him of trial by jury.

The case at bar was initiated when filed in the State Court of Fulton County, Georgia, on March 16, 1979. It was removed to this court on April 16, 1979, when both defendants joined in a petition for removal. No demand for jury trial had been made in the lower court prior to removal, nor was one made within ten days as required by Fed.R. Civ.P. 81(c). Jury trial was first demanded on February 4, 1981, nearly two years after the action was commenced, at a pretrial conference held by this court. Defendants argue that their demand is nevertheless timely in this breach of contract case because Georgia case law and the Georgia Civil Practice Act create an inviolable right to jury trial in contract actions, whether or not a demand for jury trial is made.

The court agrees with the defendants, if for somewhat different reasons, that their request for jury trial has been timely made. The plain language of Rule 81(c) makes it clear that the decisive factor in determining whether a jury demand must be made within ten days following removal is whether state law does or does not require an express demand. Thus, in a diversity case removed from a Florida court, the Fifth Circuit held that the demand should have been made within ten days of removal since Fla.R.Civ.P. 1.430 required a demand in writing. *Bush v. Allstate Insurance Company*, 425 F.2d 393, 395 (5th Cir. 1970). Georgia, unlike Florida, does not require an express demand for jury trial in order to preserve that right. Plaintiff bases its argument that defendants have waived their right to jury trial on the fact that Local Rule 6 of the State Court of Fulton County, the court from which this action was removed, requires a formal demand for jury trial. The local rules of state courts, however, are overridden by the provisions of the Georgia Civil Practice Act, *Ga. Code Ann.* § 81A–101 *et seq.* In *Marler v. C & S Bank of Milledgeville*, 239 Ga. 342, 236 S.E.2d 590 (1977), the Supreme Court of Georgia noted that the 1970 State Court Act superseded the initial legislation creating the state courts by providing that the state courts are subject to the same rules of practice and procedure that govern the superior courts. Georgia Laws 1970, pp. 679–80, *codified as Ga. Code Ann.* § 24–2107a. The court noted that the State Court Act was passed in order "to make certain courts below the superior court level a harmonious part of the trial court system." 239 Ga. at 343, 236 S.E.2d 590.

The Georgia Civil Practice Act does not require an express demand for jury trial. Rather, it provides that parties shall have a right to jury trial in all cases so triable unless there has been an express waiver of that right. *Ga. Code Ann.* §§ 81A–138, –139 [CPA §§ 38–39]. *See also Redding v. Commonwealth of America, Inc.*, 143 Ga. App. 215, 237 S.E.2d 689 (1977). Since Georgia law requires no express demand for trial by jury, defendants were not required to make any demand following removal because this court did not direct them to do

so. The demand has now been made, and it is hereby GRANTED.

SO ORDERED, this 8th day of June, 1981.