### 24116. SMITH v. SMITH.

NICHOLS, Justice. Emma Stone Smith as plaintiff brought this action against her husband Roscoe Smith as defendant in Atkinson Superior Court seeking divorce, alimony, custody of and support for the minor children of the parties. The trial judge, without the intervention of a jury, rendered judgment in favor of plaintiff. *Held:*

1. In Enumeration of error No. 1 appellant complains that the trial court erred in refusing to allow the case to be tried by a jury when a timely written demand for trial was filed prior to the calling of the case for trial. Contrarily, the record discloses that no demand for jury trial was filed on or before the call of the case for trial, but was in fact filed after the case was sounded for trial, and after counsel for both sides had announced ready. There is no merit in this enumeration of error. See *Seifert v. Holt*, 82 Ga. 757 (1) (9 SE 843).

2. Enumeration of error No. 2 asserts that the trial court erred in dismissing the answer and demand for jury trial of the defendant, on its own motion, thereby depriving appellant of a jury trial. Even assuming arguendo that appellant's contentions are correct in this enumeration of error, the record reveals that appellant made no objection to the court's action, and such failure on the part of appellant to invoke a ruling by the trial court presents nothing for consideration in this court.

3. Enumeration of error No. 3 complains that the award of alimony by the trial court was error for the reason that it was insufficient and grossly inadequate. The necessities of the wife, when entitled to alimony, and the husband's ability to pay it, are the controlling facts to be considered and followed in making an allowance for alimony . . ." *Robertson v. Robertson*, 207 Ga. 686, 688 (63 SE2d 876); *Jenkins v. Jenkins*, 69 Ga. 483. The award should be "in keeping with the family standard of living established by the husband." *Hilburn v. Hilburn*, 210 Ga. 497, 501 (81 SE2d 1). The evidence was ample and sufficient to authorize the trial court's award of alimony.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967—
REHEARING DENIED JULY 6, 1967.

*Helms & Dismukes, Jack J. Helms, Abner B. Dismukes,* for appellant.

*Vickers Nugent, Robert B. Sumner, Sumner & Boatright, J. Laddie Boatright,* for appellee.

