47012, 47013. HENDERSON et al. v. COUNTY BOARD OF REGISTRATION & ELECTIONS et al.; and vice versa.
47014. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. HENDERSON et al.

ARGUED MARCH 2, 1972—DECIDED APRIL 21, 1972—
REHEARING DENIED MAY 12, 1972—

*Henry M. Henderson,* for Henderson.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for Board of Registration.

*Huie & Harland, R. William Ide, III,* for Transit Authority.

QUILLIAN, Judge. In brief, the contestants set forth the following grounds of error: (1a) that they were deprived of their right to a trial by jury by the action of the trial judge in conducting the recount; (1b) that it was error not to allow further inquiry into alleged irregularities with regard to two precincts; (2) that the trial court erred by failing to include an accounting for all ballots and materials prepared and distributed for the holding of the election and required by law to have been turned in and accounted for following the votings at the polls, including all so-called "overvotes"

and "spoiled ballots"; (3) that the trial judge, sitting without a jury, failed to follow the requirements of "Section 52 (a)" of the Civil Practice Act; (4) that certain items of costs were illegally taxed against the contestants. These grounds are considered in the order herein set forth.

■ In *Flint River Steamboat Co. v. Foster*, 5 Ga. 194 (7), it was held: "The provision in the Constitution of Georgia, that 'trial by jury, as heretofore used, shall remain inviolate,' means that it shall not be taken away, in cases where it existed when that instrument was adopted in 1798; and not that there must be a jury in all cases." Where a party has a right to trial by jury under the Constitution or by expressed direction of a statute, our appellate courts have held that there can be no implied waiver but only an express waiver of such right. See *Holton v. Lankford*, 189 Ga. 506, 518 (6 SE2d 304); *Simonton Constr. Co. v. Pope*, 213 Ga. 360, 362 (99 SE2d 216). However, where the right to trial by jury is statutory then the terms of the statute must be construed in determining whether a waiver occurs. *Holton v. Lankford*, 189 Ga. 506, 518, supra. See *Cox v. Cox*, 197 Ga. 260, 263 (29 SE2d 83). In *Metropolitan Cas. Ins. Co. v. Huhn*, 165 Ga. 667, 672 (142 SE 121, 59 ALR 719), it is pointed out that contested election cases are among those where a right to a jury trial did not exist prior to the first Constitution.

We therefore consider the applicable statute in this case which provides: "All issues of a contest shall be fully tried and determined by the court, without the aid and intervention of a jury, unless a litigant to the contest shall demand a trial by jury at any time prior to the call of the case, and the court shall determine that it is an issue which under other laws of this state the litigant is entitled to have tried by a jury." *Code Ann.* § 34-1707 (a) (Ga. L. 1964, Ex. Sess., pp. 26, 182). It is clear that under this law, as has been traditionally the case in Georgia, the judge tries election contests without the intervention of a jury. However, a litigant may demand a jury trial and if the court makes the necessary determination then a jury may be

used. Thus, unlike other situations where demand alone is sufficient, here there are two requirements: (1) demand, and (2) a determination that there are issues which under other laws of this State the litigant is entitled to have tried by a jury.

It is further pointed out in *Code Ann.* § 34-1707 (c) that even where there is a jury trial a party may waive his right as to an issue which the trial judge omits to present to the jury and unless the party demands its submission to the jury. This evinces an intent by the legislature that a jury trial as to particular issues may be waived either by conduct or by an express waiver. Furthermore, the determination by the trial judge could be waived, in which case there would be no "right" to a jury trial.

In this case the contestants entered a formal demand for a jury. However, they then participated in the proceedings below without requesting or obtaining a ruling from the trial judge that certain issues were for the jury. Since the statute in this case does not require a jury trial and likewise there is no constitutional requirement for one, the contestants could by their own actions impliedly waive a jury trial.

There are two principal issues the contestants contend should have been determined by a jury. The first was with regard to alleged irregularities occurring at the polling places of two precincts. The second alleged issue of fact concerns the way certain ballots were marked. The contestants urge that the "intent" of the voter in marking the ballot is an issue of fact.

During the proceedings prior to the recount, upon being queried by the trial judge, counsel for the contestant on several occasions indicated that he was not insisting on the grounds of irregularity at the two precincts unless a recount showed the vote different from that already obtained. This was for the reason that a rejection of the vote at the two precincts would not be sufficient to change or place in doubt the result of the election.

*Code Ann.* § 34-1703 (a) (Ga. L. 1964, Ex. Sess., pp. 26, 178) with regard to the grounds to the contest of an elec-

tion states: "Malconduct, fraud or irregularity by any primary or election official or officials sufficient to change or place in doubt the result." This is emphasized in *Code Ann.* § 34-1708 (c) (Ga. L. 1964, Ex. Sess., pp. 26, 183) which provides: "If misconduct is complained of on the part of the poll officers of any election district, it shall not be held sufficient to set aside the contested result unless the rejection of the vote of such district would change such result." Here both the original result and the recount showed that a rejection of the vote of districts at which there were alleged irregularities would not have changed the result. That being true, there was no basis for a jury trial as to those allegations under *Code Ann.* § 34-1703 (a).

In *Blackburn v. Hall*, 115 Ga. App. 235 (154 SE2d 392), this court considered a problem involving "overvote." In doing so, the court treated the issue as a question of law and in fact so interpreted all the rules in the Election Code which indicate the proper manner for determining how a vote is cast. The court in that case pointed out that the true intent of a voter cannot be known and it is purely speculation to say what his intention was. The court then held that, where there was any doubt as to the intention of the voter, under the election laws the vote should not be counted. As a result, in the *Blackburn* case the court held that the question involving over-votes could be determined as a matter of law on general demurrer.

It would therefore appear that questions arising out of how a ballot is marked under *Code Ann.* §§ 34-1323 and 34-1324 (Ga. L. 1964, Ex. Sess., pp. 26, 147; 1968, pp. 851, 857, 871, 879; 1969, pp. 308, 319), would be for the court and not for a jury.

Even if this was not true, the record shows that the contestants in this case made very few objections to the ballots and the court's interpretation of how they were cast. The majority of the objections made were on the part of the defendant and the intervener MARTA and most of the rulings were adverse to their contentions. Assuming arguendo that the manner in which the votes were cast is a jury

question, there is nothing in this record to show that the contestants were harmed by the trial judge passing upon the validity of the ballots. Furthermore, no objection was made to the order which specified that ballots to which objections were interposed would have their validity determined by the trial judge.

No error was shown in conducting the recount without the intervention of a jury or in the determination that there were no issues properly triable by a jury.

■ It is urged that the court erred in not accounting for the "spoiled" ballots. The order providing for a recount expressly excluded from consideration "spoiled" ballots and there is no showing that the contestants made any objection to this course of procedure. Moreover, the contestants in their petition did not choose to rely on *Code Ann.* § 34-1703 (c) (Ga. L. 1964, Ex. Sess., pp. 26, 178), concerning "when illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result." Here, although there may have been no accounting or reconciliation of these votes, there is no showing that they were sufficient in number to change or place in doubt the result of the election. Hence, any action by the trial court which amounts to a refusal to take the action requested by counsel for the contestants if error, was not shown to be harmful. The contestants, as appellants, had the burden of showing harmful error and failed to do so. *Campbell v. Powell,* 206 Ga. 768 (3) (58 SE2d 829).

■ Argument is made that the trial judge's order did not meet the requirements of the Civil Practice Act § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). This section provides that the trial judge, sitting without a jury, shall make findings of fact and the conclusions of law thereon. Insofar as that section applies to an election contest (see *Code Ann.* § 34-1706 (b); Ga. L. 1964, Ex. Sess., pp. 26, 181), the order in question sufficiently complied with the basic requirements of *Code Ann.* § 81A-152.

■ It is contended that the court erroneously assessed costs against the contestants. "Where costs are illegally

taxed against a litigant, his remedy is a motion to retax the costs, and not by writ of error in the first instance. *McDonald v. Dabney,* 161 Ga. 711 (3) (132 SE 547), and citations; *Faison v. Lanier,* 164 Ga. 742 (4) (139 SE 540); *Hicks v. Atlanta Trust Co.,* 187 Ga. 314 (1) (200 SE 301). If, on the hearing of such a motion, the court should tax against the movant any costs for which he is not liable, such error could be reached and corrected by a writ of error complaining of that judgment. *Baker v. Bancroft,* 79 Ga. 672 (5 SE 46); *McDonald v. Dabney,* supra." *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (1) (100 SE2d 902).

There being no showing that the appellants pursued their proper remedy, this ground is without merit.

The remaining enumerations of error have been considered and found to be without merit.

■ The fifth headnote requires no elaboration.

*Judgment affirmed in Case 47012. Appeals dismissed in cases 47013 and 47014. Hall, P. J., and Pannell, J., concur.*