## 29133. HENDERSON v. COUNTY BOARD OF REGISTRATION & ELECTIONS et al.

NICHOLS, Presiding Justice.

On April 21, 1972, the Court of Appeals affirmed a judgment adverse to the appellant in the case sub judice. *Henderson v. County Board of Registration &c.,* 126 Ga.

App. 280 (190 SE2d 633). Thereafter, a motion to set aside the judgment affirmed by the Court of Appeals was made in the trial court, which motion was denied. This judgment was affirmed by this court in *Henderson v. Fulton County Board of Registration &c.,* 231 Ga. 173 (200 SE2d 739). Thereafter, on October 15, 1973, Henry M. Henderson filed a "Notice of Appeal to the Supreme Court of the United States." No record was ordered and the appeal was never docketed in the United States Supreme Court. After the time permitted by the Rules of the United States Supreme Court for perfecting the appeal had expired, the remittitur from this court was sent to the trial court; and the judgment of this court was made the judgment of the trial court. Thereafter, Henry M. Henderson filed a motion in the trial court to set aside the judgment of that court, based on this court's remittitur, because the appeal to the United States Supreme Court had not been disposed of. This motion was overruled and the present appeal filed.

Under Paragraph 2 of Rule 14 of the United States Supreme Court Rules where a notice of appeal has been filed but the case has not been docketed in that court within the prescribed time including any enlargement thereof duly granted, the court possessed of the record may dismiss the appeal upon motion of the appellee and notice to the appellant. Under Paragraph 3 of this same rule, should the court possessed of the record refuse to dismiss such an abandoned appeal, then upon a proper showing the United States Supreme Court will dismiss it.

The notice of appeal having been abandoned, the only order that could be sought would be one of dismissal. Therefore, should this court reverse the judgment of the trial court in this case, the only further step to be taken would be to obtain an order of dismissal from this court, whereupon the same judgment making the judgment of this court the judgment of the trial court would be entered.

"As was said in *Benton v. Singleton,* 114 Ga. 548, 'In no case will the Supreme Court undertake to pass upon questions presented by a bill of exceptions when an adjudication of them, even though favorable to the

plaintiff in error, could not possibly result in any practical benefit to him.' " *Davis v. Mayor &c. of Jasper,* 119 Ga. 57, 59 (45 SE 724). See also *Henderson v. Hoppe,* 103 Ga. 684 (30 SE 653); *Baird v. City of Atlanta,* 131 Ga. 451 (62 SE 525); *Tabor v. Hipp,* 136 Ga. 123 (70 SE 886, AC 1912C 246); *Kelton v. John,* 220 Ga. 272 (138 SE2d 316); *Titshaw v. Carnes,* 115 Ga. App. 216 (154 SE2d 302).

*Appeal dismissed. All the Justices concur.*

Argued September 13, 1974 — Decided September 17, 1974 — Rehearing denied October 1, 1974.

*Henry M. Henderson,* pro se.

*Webb, Parker, Young & Ferguson, John Tye Ferguson, Huie, Brown & Ide, R. William Ide, III, G. Donald Johnson, Jay J. Levin,* for appellees.