## 29819, 29820. BULLOCK v. BULLOCK.

NICHOLS, Chief Justice.

William Carson Bullock filed a complaint seeking a divorce from Sallie Hairston Bullock. The complaint as originally filed alleged cruel treatment but was later amended to allege that the marriage had been irretrievably broken. The defendant admitted all allegations of the complaint as originally filed except the allegation of cruel treatment. She also filed a cross action in which she sought a divorce upon the statutory ground of cruel treatment and alimony. The jury hearing the case granted the husband a divorce and awarded the wife permanent alimony in the amount of $250 per month for three years. Thereafter, the wife's motion for new trial was overruled and the appeal in Case No. 29819 was filed by her. In Case No. 29820 the husband cross appeals from the denial of his motion to allow the temporary alimony payments to be applied toward the final judgment for permanent alimony, and for immediate possession of the marital home which possession had been allowed the wife as temporary alimony.

1. The wife enumerates as error the refusal of the trial court to strike the husband's demand for jury trial when said demand was made after the parties had announced ready, and erred in permitting the case to proceed to trial by a jury after the husband had waived his right to trial by jury in this divorce and alimony proceeding by failing to file a timely demand.

The wife relies upon the decision in *Smith v. Smith,* 223 Ga. 454 (156 SE2d 18), where it was held not to be error to refuse to allow a divorce case to be tried by a jury when there was not a timely written demand for jury trial filed. That decision is not authority for a holding that a superior court judge must try a divorce case without the

intervention of a jury where no timely demand has been filed.

In *Dunn v. Dunn,* 221 Ga. 368, 372 (144 SE2d 758) with reference to a 1961 divorce decree based upon a verdict, where, under Ga. L. 1960, p. 1023 (Code Ann. § 30-101) the judge should have tried the case without a jury, it was held to be a mere irregular proceeding which would not void the decree. However, there were three dissents upon the ground that the record containing no issuable defense and no written demand for jury trial the verdict of the jury and decree entered upon the verdict shows the decree to be void. The dissent relied upon Article VI, Sec. 4, Par. 7 of the Constitution of 1945 (Code Ann. § 2-3907), which provides that the court shall render judgment without the verdict of a jury in all civil cases except actions ex delicto, where no issuable defense is filed, etc.

This constitutional provision is not involved in the present case inasmuch as there was an issuable defense.

The Civil Practice Act (Ga. L. 1966, pp. 609, 652) (Code Ann. § 81A-139), enacted after the decision in *Dunn v. Dunn,* supra, provides in part "In all actions not triable of right by a jury, or where jury trial has been expressly waived, the court may nevertheless order a trial with a jury whose verdict will have same effect as if trial by jury. had been a matter of right or had not been waived." This provision of the Civil Practice Act authorized the trial court to permit a jury trial even if the written demand for a jury trial by the husband was not timely filed. The appeal in Case No. 29819 shows no reversible error.

2. Under the decision of this court in *Shepherd v. Shepherd,* 233 Ga. 228 (210 SE2d 731), the judgment of the trial court complained of in the cross appeal (Case No. 29820) refusing to modify the temporary alimony award pending the appeal shows no reversible error.

3. The husband's motion to assess "damages for an appeal taken for delay only" is denied.

*Judgments affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1975 — DECIDED APRIL 22, 1975.

*Candler, Cox, Andrews & Hansen, E. Lewis Hansen,* for appellant.

*Kaler, Karesh & Frankel, Glenville Haldi,* for appellee.