## 30966. HENDERSON v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.
## 30984. NOBLE et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

JORDAN, Justice.

In the proceeding to validate and confirm the issuance of $200,000,000 Metropolitan Atlanta Rapid Transit Authority Sales Tax Revenue Bonds, interventions were filed by Henry M. Henderson and by Edward E. Noble and others. Henderson appealed to this court from the judgment validating and confirming the bonds, asserting constitutional issues. Noble appealed to the Court of Appeals. On motion of the appellees, this court ordered that Noble's appeal be sent to this court in order that the two appeals from the same judgment might be consolidated.

1. (a) Henderson asserts that MARTA has no valid legal existence because the amendment to the Constitution, Art. XVII, Sec. I (proposed by Ga. L. 1964, pp. 1008—1011; Code Ann. Ch. 2-86), known as the Public Transportation of Passengers for Hire Amendment, "is shown not to have been ratified by majorities of the qualified electors of Fulton and DeKalb Counties but at best only by majorities of qualified electors of such Counties outside the limits of the City of Atlanta, which

was not a compliance with the requirement of ratification by a majority of the qualified electors 'voting thereon in each' affected political subdivision."

The constitutional amendment received the vote of a substantial majority of voters in the City of Atlanta and in Fulton and DeKalb Counties. Henderson has not demonstrated in any way that the amendment was not ratified by a majority of the total electorate of Fulton and DeKalb Counties.

(b) Henderson contends that the constitutional amendment (Code Ann. Ch. 2-86) was general in nature, because of the exemption from taxation of the authority to be established, which required its submission to the voters of the entire state. This identical contention was rejected by this court in *Camp v. MARTA,* 229 Ga. 35 (1) (189 SE2d 56) (1972), a case in which the appellant appeared as amicus curiae.

(c) Henderson asserts that the "Rapid Transit Contract and Assistance Agreement" approved by the voters of Fulton and DeKalb Counties is void for the reasons that: it is too vague, indefinite, and uncertain in its terms to be capable of enforcement; it is unilateral; and it did not have the approval, at its inception, of the appropriate agencies of the United States as not having adverse effects upon the physical environment and the ecology.

There is no merit in any of these assertions. The contract is neither indefinite nor unilateral. The environmental impact statement which must precede federal action affecting the environment (42 USCA § 4332 (2) (c)) was not required prior to approval of the contract by the voters.

(d) Henderson objects to the validation of the bonds because he has a motion pending to set aside the judgment adverse to him in his contest of the referendum held in Fulton County on November 9, 1971, proposing to the voters of Fulton County the approval of the contract with MARTA.

The judgment in Henderson's referendum contest was affirmed by the Court of Appeals in *Henderson v. County Board of Registration &c.,* 126 Ga. App. 280 (190 SE2d 633) (1972). He brought a complaint to set aside the

judgment affirmed by the Court of Appeals, and this court affirmed the dismissal of this complaint. *Henderson v. Fulton County Board of Registration &c.,* 231 Ga. 173 (200 SE2d 739) (1973). A further appeal in the case was dismissed. *Henderson v. County Board of Registration &c.,* 232 Ga. 849 (209 SE2d 149) (1974).

The judgments above referred to are res judicata of all issues which were included, or might have been included in those actions. Code § 110-501. Henderson's pleadings and evidence in the present case do not show that his present motion to set aside the judgment deciding the validity of the referendum raises any issue which could not have been included in his previous actions. It was not error for the judge to validate the bonds while this motion to set aside was pending.

2. (a) Noble contends that the proposed bonds should not be validated because MARTA cannot use sales tax proceeds to pay the principal and interest of the bonds.

As a part of the security for the bonds MARTA pledged the contract entered into between it and the City of Atlanta and the counties of Fulton and DeKalb. Pursuant to this contract the counties of Fulton and DeKalb levied the maximum retail sales and use tax for rapid transit purposes authorized by Ga. L. 1971, p. 2082.

It is argued by Noble that the pledge of the contract as security for the bonds is illegal because the Constitution, Art. VII, Sec. VII, Par. V (Code Ann. § 2-6005), providing for the issuance of revenue anticipation obligations, prohibits the exercise of the power of taxation to pay the principal and interest of these obligations, and because the Constitution, Art. XVII, Sec. I, Par. II (Code Ann. § 2-8602) provides that MARTA may issue obligations "payable from its revenues," which, Noble contends, would not include funds received from sales taxes.

The constitutional amendment under which the General Assembly created MARTA (Code Ann. Ch. 2-86) provides that the General Assembly may authorize the governmental units of the metropolitan area of Atlanta to contract with the authority to be created, and "to levy taxes to the extent necessary to fulfill the obligations incurred in such contracts . . ." Code Ann. § 2-8604. The

amendment is to be liberally construed to effectuate its purpose. Code Ann. § 2-8605. The authority is given the right to issue obligations "payable from its revenues." Code Ann. § 2-8602. The revenues of the authority, unlike those of the usual revenue-producing facility, include the revenue from the contracts with the governmental units produced by the sales tax levied by the units.

The constitutional amendment authorizing the creation of MARTA thus specifically authorizes the exercise of the power of taxation for the purpose of paying the obligations of MARTA, and MARTA's bonds are excepted from the prohibition of Code Ann. § 2-6005 against the exercise of the power of taxation to pay revenue anticipation bonds.

(b) Noble contends that the bonds should not be validated because of major changes in the rapid transit system as now proposed by MARTA from the system planned and presented to the voters at the time the contract between MARTA and the governmental units was approved by the voters of Fulton and DeKalb Counties.

The contract between MARTA and the governmental units incorporated an engineering report of "preliminary" plans and recommendations for the acquisition and operation of a rapid transit system. The contract recognized that the undertaking was one "of great magnitude and complexity which will require a number of years to complete," that "radical changes in the area proposed to be served . . . will undoubtedly occur," and that "equally radical changes are now occurring and will continue to occur in the technology of mass transit in the coming years, . . ." It was agreed that "provision should be made to permit . . . deviations from the Engineering Report . . . including . . . changes in the order of acquisition, construction and improvement of particular proposed lines or projects, the substitution of newly conceived and planned lines or projects for presently proposed lines or projects and the final location and design of stations, lines and routes, . . ." Minor deviations from the preliminary plan were authorized in the discretion of MARTA. Substantial deviations were authorized with the approval of the governmental units.

The voters approved this contract permitting changes, and there is no merit in the contention of Noble that the bonds may not be validated until the substantial changes from the original plans for the rapid transit system have been approved by the voters in another referendum.

(c) Noble contends that the court erred in issuing an order validating the bonds when the evidence showed that the system adopted by MARTA for the repayment of the principal and interest of the bonds was unsound, impracticable, and unreasonable, and that the entire MARTA system was unsound, impracticable, and unreasonable.

MARTA offered sufficient proof of its right to issue bonds for the construction of a rapid transit system, which had been determined by the voters of the metropolitan area of Atlanta to be "an essential governmental function." Code Ann. § 2-8601.

The evidence concerning the revenues from which the bonds shall be paid authorized a finding that the plan adopted for repayment is sound, practicable, and reasonable.

3. The trial judge did not err in overruling the objections of the intervenors, nor did he err in validating and confirming the issuance of the bonds.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 16, 1976 — DECIDED APRIL 27, 1976 —
REHEARINGS DENIED MAY 17, 1976.

Henry M. Henderson, *pro se* (case no. 30966).

*R. E. Fitzwilson,* amicus curiae.

*Moreton Rolleston, Jr.,* for appellants (case no. 30984).

*Lewis R. Slaton, District Attorney, Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, Tom Watson Brown, Steven B. Kite, John Tye Ferguson, Henry L. Bowden, Wendell K. Willard, Arthur K. Bolton, Attorney General, Lauren O. Buckland, Assistant Attorney General, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, William E. Eason, Jr.,*

*Patterson & Parks, Bernard Parks,* for appellees.