54449. CAMILLA COTTON OIL COMPANY v. C. I. T. CORPORATION.

BELL, Chief Judge.

Plaintiff petitioned to foreclose its security interest in a truck and crane and sought a writ of possession against defendant under Code Ch. 67-7. The petition alleged that plaintiff was the holder and owner of a security interest in the vehicle which it alleged to be titled in the name of Merts Equipment Company; that Merts rented the vehicle to the defendant pursuant to the terms of a rental contract; and that defendant has refused to deliver possession of the truck and crane. Defendant answered denying that the plaintiff had any security interest in the truck and crane; that defendant had purchased the truck and crane from Merts Equipment Co. and thus it was the true owner of the vehicle; and that accordingly defendant was not obliged to deliver the possession of the vehicle to plaintiff. Defendant prayed that every issue be tried before a jury. At the date for the hearing specified in the summons the parties appeared. Defendant made a motion for continuance which was denied. Plaintiff then called a witness who was examined and cross examined. The court recessed for lunch. After

reconvening, counsel for defendant reminded the court that there were factual issues presented and therefore the case should be adjourned so as to submit these issues to a jury. The court stating that while it had failed to note defendant's demand for a jury trial in the defensive pleadings, evidence had been presented, and since defendant's counsel had not informed the court concerning any trial by jury until after the reception of the first witnesses' testimony, its request for adjournment and a jury trial was denied. The court then tried the case to completion, entered findings of fact and conclusions of law and granted plaintiff a writ of possession. Defendant appeals. *Held:*

1. Initially it is contended by defendant that Code Ch. 67-7 does not authorize the trial court to entertain subject matter jurisdiction of this suit as the statutory remedy is aimed only at a debtor who is in possession of the property and therefore since admittedly defendant owes no debt to plaintiff, the writ of possession remedy authorized in Code § 67-702 cannot apply here even though defendant is in possession of the collateral. We have carefully scrutinized this statute and hold that this statutory remedy of obtaining possession of personal property which is subject to foreclosure is not limited to proceeding only against a debtor who is in possession of the property. Code § 67-702 expressly authorizes that the petition for writ of possession may be brought within the county "where the debtor may reside or where the secured property may be found." This shows that the legislature contemplated that the defendant may be someone who is in possession of the property other than the debtor. The court had subject matter jurisdiction.

2. The defendant by his answer raises material defensive issues of fact which required a trial by jury. *Jordan v. Farmers & Merchants Bank,* 138 Ga. App. 43 (225 SE2d 498); *First Nat. Bank of Commerce v. Baker,* 142 Ga. App. 870 (237 SE2d 233). The contention is made that defendant waived jury trial by participating in the examination of plaintiff's witness. Clearly there was no express waiver, but a party may impliedly waive a jury trial. *Cox v. Cox,* 197 Ga. 260 (29 SE2d 83). However, there was not an implied waiver in this case. It is true that as

plaintiff commenced its case, defendant made no objection to the proceeding. But the fact remains that defendant later and prior to a conclusion of the plaintiff's case, clearly brought to the attention of the trial judge the demand for jury trial and then obtained an adverse ruling on the question. This factor distinguishes this case from *Henderson v. County Bd. of Registration & Elections,* 126 Ga. App. 280 (190 SE2d 633) relied on by plaintiff. In that case, the contestant in an election case made a formal demand for a jury trial but then participated in the proceedings without obtaining a ruling from the court that certain issues were for jury trial and thus an implied waiver resulted. The trial court erred in not submitting the issues raised by the defendant's answer to a jury.

3. The above holding will require a new trial and we decline to decide the other issues on appeal which go to the sufficiency of the evidence:

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 14, 1977.

*Vann, Tyson & Jeffords, Frank C. Vann, David G. Jeffords, III,* for appellant.

*George P. Donaldson, III,* for appellee.