56303. SERVISCO, INC. v. R. B. M. OF ATLANTA, INC.

SMITH, Judge.

The trial court, after rendering a non-jury judgment for appellant, granted appellee a new trial on the ground that appellant had improperly been denied its right to a trial by jury. We reverse, as we find that appellee waived its right to jury trial.

1. Contrary to appellee's contention, "the first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal." Smith v. Telecable of Columbus, Inc., 238 Ga. 559, 560 (234 SE2d 24) (1977).

2. In this suit for breach of contract appellant sought damages in the amount of $5,520.80. Appellee's answer raised, inter alia, the defense of failure of consideration. The case proceeded to trial without a jury, and the court entered judgment in favor of appellant. Appellee and its attorney participated in the proceeding, without raising objection to the absence of a jury until a judgment was rendered in appellant's favor. We agree with appellee that Ga. L. 1913, pp. 145, 164, § 39, which requires a demand for jury trial on or before appearance day as a condition precedent to jury trial, must yield to contrary law set out in CPA § 39. Gregson & Assoc. v. Webb, 143 Ga. 276 (238 SE2d 274) (1977); Ga. L. 1976, pp. 3023, 3030, § 17; Ga. L. 1970, pp. 679, 681, § 8 (Code Ann. § 24-2107a). However, we believe appellee's active participation in the non-jury trial without demanding a jury until subsequent to the entry of an adverse judgment on the merits constituted a waiver of jury trial. A party to litigation cannot

"voluntarily participate in a trial before a judge without a jury, proceed without reservation to have the trial court hear the case without the intervention of a jury, not object to the trial court's rendering judgment on the merits, and, then, after an unfavorable judgment is rendered, set aside the judgment because no jury trial was had. . ." *Wise &c. Assoc. v. Rosser White &c. Inc.*, 146 Ga. App. 789, 795, 796 (247 SE2d 479) (1978). *Holloman v. Holloman*, 228 Ga. 246 (184 SE2d 653) (1971). The trial court's grant of appellee's motion for new trial was error.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

Argued September 11, 1978 — Decided October 23, 1978.

*Arrington, Rubin, Winter, Krischer & Goger, John J. Goger,* for appellant.
*George H. Freisem, III,* for appellee.