*District Attorney,* for appellee.

## 64680. GILBERT v. DECKER.

Pope, Judge.

This appeal arises from the grant of defendant-appellee Decker's motion for summary judgment and is based upon the following factual situation: In December 1973, plaintiff-appellant Gilbert borrowed $12,000.00 from Decker who received in return a deed to secure debt to certain property consisting of approximately 4 acres in Fulton County, Georgia. Gilbert defaulted in September 1978 and Decker filed suit on the note. During the pendency of the suit, settlement of the issues by the parties resulted in a consent judgment in the amount of $14,480.00. The terms of the agreement provided that if the amount was paid by a specified date in 1980, the judgment would not be filed, the suit would be dismissed and all indicia of indebtedness returned to Gilbert. Gilbert, however, again failed to pay, and the judgment was filed; execution issued and was recorded on the General Execution Docket. During post-judgment discovery in March 1981, Decker began foreclosure proceedings under the terms of the deed to secure debt. On the first Tuesday in April 1981, the property was sold at public auction to Decker for the sum of $100.00. Decker did not seek confirmation of the sale.

Gilbert filed suit on December 9, 1981 seeking declaratory judgment as to his indebtedness and claiming, inter alia, that Decker's failure to seek confirmation precluded collection under the consent judgment. Decker answered and moved for summary judgment. Gilbert responded forty-two days later by filing an amended complaint and various documents in opposition to Decker's motion. A hearing apparently was held the next day and by order dated two days later, the trial court granted summary judgment to Decker. From the face of the order, it appears that the grant of Decker's motion was based upon Gilbert's failure to comply with Local Rule 21 of the Fulton Superior Court which requires filing a brief in opposition within 30 days of service of the motion for summary judgment, along with a statement of material facts as to which there exist genuine issues to be tried.

Gilbert enumerates as error the grant of summary judgment to Decker based upon his non-compliance with Local Rule 21. "The rules of the respective courts, legally adopted and not in conflict with the Constitution of the United States or of this state, or the laws thereof, are binding and must be observed." Code Ann. § 24-106 (now

OCGA § 15-1-5). However, if the application of the local court rule contravenes a statute, the local rule must yield to the statute. See *State v. Shead,* 160 Ga. App. 260 (1) (286 SE2d 767) (1981). Local court rules "may control the flow of business, the hearing of cases, etc., but may not contravene the substantive framework of the CPA." *Auerback v. Maslia,* 142 Ga. App. 184, 188 (235 SE2d 594) (1977).

The Civil Practice Act § 15 provides: "A party may amend his pleading *as a matter of course and without leave of court at any time* before the entry of a pre-trial order." (Emphasis supplied.) Code Ann. § 81A-115 (a) (now OCGA § 9-11-15(a)). See *Marler v. C & S Bank of Milledgeville,* 239 Ga. 342 (236 SE2d 590) (1977). There was no pre-trial order issued in this case; therefore, Gilbert's amended complaint, supported by his affidavit, which was filed and served on the day preceding the hearing, could not properly be disallowed based upon untimeliness. See *Weiss v. Gunter,* 144 Ga. App. 513 (241 SE2d 623) (1978). The same applies to the affidavit of the real estate appraiser and other documents in response to the motion submitted with the amended complaint. See *Gross v. Pyrofax Gas Corp.,* 151 Ga. App. 130 (259 SE2d 137) (1979); Code Ann. § 81A-106 (d) (now OCGA § 9-11-6(d)); Code Ann. § 81A-156 (c) (now OCGA § 9-11-56(c)).

"The trial judge is bound to consider all the pleadings, including the amended complaint in ruling on the motion." *Crymes v. Ryland Group, Inc.,* 143 Ga. App. 436, 437 (238 SE2d 764) (1977). Gilbert's amended complaint alleges fraud in the foreclosure sale and is supported by affidavits stating that the fair market value is $12,250.00 and that Decker paid $100.00. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Since Decker's evidence failed to conclusively refute the allegation of fraud raised by Gilbert's amendment, it remains a material issue in the case; therefore, Decker's motion for summary judgment should have been denied. See *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (2) (195 SE2d 277) (1972).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

Decided January 4, 1983.

*John Matteson,* for appellant.

*George W. Armbrister, Jr.,* for appellee.