65577. RAINTREE FARMS, INC. et al. v. STRIPPING CENTER, LTD. et al.

McMURRAY, Presiding Judge.

Plaintiffs filed suit against defendants in the Municipal Court of Columbus, alleging default on a promissory note, and defendants here appeal the judgment for plaintiffs. This court has jurisdiction as provided in Ga. Laws 1915, pp. 63, 75, § 26 (c). *Held:*

1. Defendants first contend that they were denied their right to a jury trial. The Constitution of Georgia as well as the Civil Practice Act guarantee the right of a jury trial to civil litigants in most cases. Constitution 1976, Art. VI, Sec. XV, Par. I (Code Ann. § 2-4401) (unchanged, insofar as relevant here, in the Constitution of Georgia of 1982, effective July 1, 1983); OCGA § 9-11-38 (formerly Code Ann. § 81A-138 (Ga. L. 1966, pp. 609, 652)). The right may be "expressly waived" by "written stipulation filed with the court or by an oral stipulation made in open court and entered in the record," OCGA § 9-11-39 (formerly Code Ann. § 81A-139 (Ga. L. 1966, pp. 609, 652)), or impliedly waived by voluntary participation in a non-jury trial. *Wise, Simpson, Aiken & Assocs., Inc. v. Rosser White Hobbs Davidson McClellan Kelly, Inc.,* 146 Ga. App. 789, 795 (6) (7) (247 SE2d 479).

Local Rule 10 of the Municipal Court of Columbus provides that if a party fails to file a demand for a trial by jury on or before 5:00 p.m. on the last business day before docket call, the right to a jury trial is "presumed waived" and the case is set down on the non-jury calendar. In the case sub judice, defendants did not demand a jury trial in accordance with the local rule and the case was scheduled on a non-jury calendar date.

Shortly before the commencement of trial (six minutes ac-

cording to the stamped time of filing), defendants filed a demand for jury trial. At the commencement of trial, when defendants were called upon to announce ready, defendants brought the demand for jury trial to the court's attention. The trial court denied the demand pursuant to the local court rule.

We find that this was error. Local Rule 10 is in conflict with the Civil Practice Act and, to the extent of the conflict, it is void. See OCGA § 9-11-1 (formerly Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610)); *Gilbert v. Decker,* 165 Ga. App. 11, 12 (299 SE2d 65); *Auerback v. Maslia,* 142 Ga. App. 184, 187 (5) (6) (235 SE2d 594). Compare, *State v. Shead,* 160 Ga. App. 260, 261 (1) (286 SE2d 767). See also *Pittman v. McKinney,* 135 Ga. App. 192 (3) (217 SE2d 446) (holding that "[w]here a provision of a special Act establishing a court of record conflicts with a provision of the Civil Practice Act, the latter controls.") In general terms, the presumption of waiver in the local rule conflicts with the requirement of express waiver in OCGA § 9-11-39 (Code Ann. § 81A-139), supra. More specifically, the local rule requires a pretrial demand for jury trial, whereas the Civil Practice Act, § 39, provides for a jury trial as a matter of right unless the parties consent to a non-jury trial. This consent must be manifested by express stipulation or by voluntary participation in a non-jury trial. OCGA § 9-11-39 (Code Ann. § 81A-139), supra; *Servisco, Inc. v. R.B.M. of Atlanta,* 147 Ga. App. 671 (2) (250 SE2d 10); *Redding v. Commonwealth of America,* 143 Ga. App. 215, 216 (1) (237 SE2d 689), as explained in *Wise, Simpson, Aiken & Assocs.,* 146 Ga. App. 789, supra, Division 7, pp. 795-796. See also *Smith v. Smith,* 223 Ga. 454 (1) (156 SE2d 18). Because defendants did not consent to the non-jury trial by either means, the judgment must be reversed.

2. Our decision in Division 1, supra, renders it unnecessary to consider defendants' remaining enumeration of error contending that the trial court erred in holding that one of the defendants signed the back of the promissory note as "an accommodation party guaranteeing the payment thereof."

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1983.

*Jerry D. Sanders,* for appellants.
*Jacob Beil,* for appellees.