S90A1108. DAVIS v. GAONA.
(396 SE2d 218)

CLARKE, Chief Justice.

Appellant-plaintiff in an action which was referred to arbitration pursuant to Fulton Superior Court Local Rule 1000 filed a motion for injunctive relief and to have the rule declared unconstitutional. The trial court denied relief and this appeal is from that order. We affirm.

Rule 1000 provides that civil actions seeking primarily money damages up to $25,000 or in an unspecified amount will be referred to

compulsory but non-binding arbitration by a panel of three arbitrators randomly selected. Cases involving medical malpractice are excluded from arbitration. A party may petition the court to refer to arbitration a case which does not otherwise qualify. The court may refer any case to arbitration. The court may remove any case or issue within a case from arbitration. A party may file a demand for a de novo trial within 30 days after the award is posted. If this party does not substantially improve his position at trial, the court may tax the arbitration panel's fees against him. The rule defines substantial improvement as a reversal of the award or an increase or decrease of the award by 15% or more. The judge to whom the case is tried will not be informed of the award until after verdict or disposition unless all parties agree. If there is no timely demand for trial de novo, this shall be deemed a consent to the award, and after the expiration of 30 days an appropriate judgment, order, or dismissal may be entered.

On appeal the appellant cites eleven enumerations of error which can be reduced to the following arguments: 1) This court had no authority to adopt Rule 1000 because this court can only adopt Uniform Rules, not local rules; 2) Rule 1000 seeks to levy unauthorized court costs; 3) Rule 1000 is void because it denies access to the courts by implementing a scheme of access contrary to the CPA; 4) This court's order adopting Rule 1000 is void because it violates Art. I, Sec. II, Par. III and Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution of 1983 (which deal with separation of powers and limitations on special legislation); 5) Rule 1000 violates the equal protection clauses of the state and federal constitutions; 6) Rule 1000 is contrary to the Georgia Arbitration Code; 7) Rule 1000 is void because it does not provide notice to litigants who want to have a trial de novo.

1. Appellant contends that Rule 1000 is void because it was adopted as a uniform rule rather than a local rule and was not properly adopted as a uniform rule. Appellant appears to argue that this court's order approving the local rule pursuant to Uniform Superior Court Rule 2.1 purported to adopt rather than to approve the rule. Appellant contends that since this court cannot adopt local rules, this court must have attempted to make a uniform rule which has no uniform application and is therefore void. This court's order of April 13, 1988, approving Rule 1000 clearly approves this as a local rule and allows its adoption as a permanent local rule as opposed to an experimental program. Appellant's argument has no merit.

Appellant notes that under OCGA §§ 15-1-5 and 9-11-83 local courts have the power to make local rules. These sections are now obsolete because, pursuant to the mandate of Art. VI, Sec. IX, Par. I of the Georgia Constitution of 1983, this court has adopted uniform rules which abolish all local rules except those approved by this court.

2. Appellant argues that Rule 1000 impermissibly gives the trial

court the authority to tax court costs against a party not substantially improving his position. The costs taxed are payment of the arbitrators' fees. Appellant contends that the rule conflicts with OCGA § 9-15-1, which provides that court costs be assessed against the party who dismisses, loses, or is cast in the action. The person who demands a trial de novo and does not improve his position is a loser within the scheme of the arbitration project. Therefore, the provision for taxing the costs of arbitration against that party does not constitute a conflict with OCGA § 9-15-1.

3. Appellant relies upon OCGA §§ 9-11-38; -39 and Art. I, Sec. I, Par. XI of the 1983 Georgia Constitution as authority for his argument that the arbitration project infringes the right to a jury trial which is inviolate and cannot be waived absent a stipulation of the parties. Art. I, Sec. I, Par. XI (a) of the constitution provides that the right to trial by jury is inviolate except that where no issuable defense is filed and where a jury is not demanded in writing by either party, the court shall render judgment. OCGA § 9-11-38 simply reiterates the mandate of the constitution that the right to trial by jury shall remain inviolate. OCGA § 9-11-39 (a), however, provides that "[t]he parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, may consent to trial by the court sitting without a jury." This has been interpreted to mean that a jury trial may only be waived by specific stipulation of the parties and no demand for a jury trial is necessary. See, e.g., *Raintree Farms v. Stripping Center,* 166 Ga. App. 848 (305 SE2d 660) (1983). Appellant relies upon the case of *Raintree Farms v. Stripping Center,* supra, for support of his argument that Rule 1000 violates the constitution and the Civil Practice Act. *Raintree Farms* does not apply to this case for several reasons.

In that case the Court of Appeals considered a local court rule which provided that a failure to demand a jury trial on or before 5:00 p.m. on the last business day before docket call constituted a waiver of the right to a jury trial. The Court of Appeals held that the local rule violated OCGA § 9-11-39. The court did not rule on the contention that the constitution as well as the CPA was violated, and the case did not involve a claim that OCGA § 9-11-38 was violated. *Raintree Farms* construed a local rule not at issue here. The case was decided prior to the enactment of the Uniform Rules and concerned a local rule not approved by this court. The most important reason that OCGA § 9-11-39 does not preclude the procedure set out in Rule 1000 is that the statute deals with the right to a jury trial as opposed to a bench trial absent a clear waiver. Rule 1000 deals with the requirement that a litigant not satisfied with an arbitration award demand a trial de novo.

In *Tippins v. Winn-Dixie Atlanta,* 192 Ga. App. 172 (384 SE2d

199) (1989), the Court of Appeals did construe Rule 1000, holding that the right to a jury trial was not abridged by Rule 1000. The Court of Appeals pointed out that the right to a jury trial as guaranteed by the constitution and OCGA § 9-11-38 is subject to certain limitations.

Rule 1000's provision that a trial de novo be available only upon demand after non-binding arbitration does not deny the right to a jury trial guaranteed by Art. I, Sec. I, Par. XI of the 1983 Georgia Constitution or § 9-11-38. In *DeLamar v. Dollar*, 128 Ga. 57, 65 (57 SE 85) (1907), this court in discussing constitutional conditions upon the right to trial by jury reiterated:

> It was not necessary that there should have been a provision for a jury trial in the first instance; but to satisfy the requirement of the constitution there must be, at some stage of the case, a time when the party desiring a trial by jury might obtain the benefit of such trial by compliance with reasonable conditions. If a trial by jury can be obtained on appeal, the constitutional provision is satisfied. *Davis v. Harper*, 54 Ga. 183.

4. Art. VI, Sec. IX, Par. I of the Georgia Constitution of 1983 contains the mandate that this court with the advice and consent of the affected class of court adopt and publish uniform court rules to provide for the "speedy, efficient, and inexpensive resolution of disputes and prosecutions." In carrying out that mandate, this court is not in violation of the mandate of Art. I, Sec. II, Par. III of the Georgia Constitution of 1983 preserving the separation of powers of the three branches of government.

The arbitration project involves procedural rather than substantive law, and does not conflict with the power of the General Assembly to enact the laws of this state pursuant to Article III of the Georgia Constitution of 1983. This court approved Rule 1000 under Uniform Superior Court Rule 2.1 as part of its constitutional mandate under Art. VI, Sec. IX, Par. I. Therefore it does not violate the prohibition of Art. III, Sec. VI, Par. IV against local or special acts which conflict with the general law. Moreover, since Rule 1000 is not a statute, ordinance, or other legislative enactment, it cannot violate the prohibition of Art. III, Sec. VI, Par. IV against the enactment of local or special laws.

5. Appellant's arguments regarding equal protection lack merit. Since the right to a jury trial is not abridged and no person is denied due process by the provisions of Rule 1000, it creates no disparity in the treatment of various Fulton County litigants or between Fulton County litigants and litigants of other counties. Any difference in the

procedure provided for litigants in civil cases in which the amount prayed for is $25,000 or less and litigants in other civil cases is based on a permissible classification. Cf. *Sellers v. Home Furnishing Co.*, 235 Ga. 831 (222 SE2d 34) (1976).

6. Appellant argues that Rule 1000 violates the provisions of the Georgia Arbitration Statute set out in the Civil Practice Act at § 9-9-1 et seq. in that Rule 1000 provides for cases to be decided by arbitration without stipulation of the parties. He ignores the fact that the arbitration provided by the CPA, a different procedure dealing with different circumstances, is not applicable here. The arbitration provided by OCGA § 9-9-1 et seq., is binding arbitration which is entered into pursuant to arbitration agreements between the parties.

7. Appellant contends that the rule is void because it requires only that the award be published to the parties. Appellant says this violates OCGA § 9-11-5 (b) which requires that after original service all subsequent pleadings be sent by mail. An arbitration award is not a pleading within the meaning of OCGA § 9-11-5 (b).

Appellant further complains that the award is filed with the administrator of the arbitration program rather than with the clerk of the court. Rule 1000 provides that if no demand for trial de novo is made within 30 days of the award any party may move for the entry of a consent judgment and dismissal with prejudice based upon the award. If this occurs, the judgment would be filed with the clerk of the court as would any other judgment.

Other contentions raised by appellant do not persuade us that Rule 1000 abridges the rights of any litigants or that the rule is in conflict with any federal or state constitutional provision or statute of this state. Indeed we find that Rule 1000 and the arbitration project which it governs comports with the mandate of Art. VI, Sec. IX, Par. I that this court adopt rules which will provide for the "speedy, efficient, and inexpensive resolution of disputes and prosecution."

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990 —
RECONSIDERATION DENIED OCTOBER 18, 1990.

*Carl V. Kirsch,* for appellant.
*Calabro, Vogel & Jennette, James R. Vogel,* for appellee.
*John Tye Ferguson,* amicus curiae.