A94A2571. OBONG et al. v. EKEREKE et al.

(453 SE2d 84)

BLACKBURN, Judge.

Appellants, Reverend Dr. Edet E. Obong and Enewan E. Obong, bring this appeal from the trial court's confirmation of an arbitration award for appellees (Richard Johnson Ekereke and the Sanctified Mount Zion Church of Nigeria in the United States (church)) and denial of their objection thereto and demand for jury trial.

In the underlying action, Dr. Obong, naming himself and the church as plaintiffs, brought suit against Ekereke averring, among other things, that Ekereke had misappropriated church funds for personal use, misused church property, failed to meet church training and experience requisites to certification as an assembly minister, and continued to live in the United States after being denied a visa by the United States Immigration & Naturalization Service. The complaint sought to enjoin Ekereke from acting as a church pastor until he complied with corporate rules associated with certification as a minister; sought an accounting as to his expenditures of corporate funds; sought restitution, as appropriate; and such other relief as deemed necessary and just.

Subsequently, the church suspended Dr. Obong from his position as its missionary supervisor for filing the lawsuit and, in court, moved that it be dismissed as a plaintiff and permitted to intervene as a defendant on the ground that Dr. Obong had acted ultra vires in bringing the lawsuit. The trial court granted the motion on March 28, 1991. On January 25, 1993, the parties as realigned, presented a consent order which was approved by the trial court, in which they agreed to binding arbitration, without any specificity as to the procedure to be followed and without citing any authority which would govern the arbitration.

On January 27, 1993, the trial court executed an order wherein it held that "this case is hereby ordered for *binding arbitration pursuant to Local Rule 1000 of the Fulton County Superior Court.*" (Emphasis supplied.) (FCSCLR 1000) The record does not reflect that the parties consented to the court's order. Both of the orders were filed on January 28, 1993.

On April 30, 1993, the arbitrators returned a finding for Ekereke and the church in the amount of $15,000.

On May 28, 1993, Obong filed a document entitled "Objection to Award, and Demand for Jury Trial" with the Fulton County Court Administrator, Office of Civil Arbitration, pursuant to FCSCLR 1000 (16), stating therein, *"Plaintiffs demand a jury trial."* Obong also filed a copy of said document with the Fulton County Superior Court. On June 9, 1993, the trial court affirmed the award and same was filed on June 11, 1993. The trial court vacated its order on March 30, 1994,

pursuant to Obong's motion based upon said order being premature because of the pending motion and the finding that there had been·no evidence presented to the arbitrators which would have allowed damages to have been awarded to appellees. The court then scheduled an evidentiary hearing on the remainder of Obong's motion.

On April 25, 1994, at an unreported hearing, the trial court held that there had been sufficient evidence submitted to the arbitrators to support the award to appellees, and confirmed the award, said order being filed May 17, 1994. Obong timely filed a notice of appeal based upon his right to a jury trial pursuant to FCSCLR 1000 (16), or, in the alternative, the trial court's failure to follow the procedural requirements of OCGA § 9-9-1 et seq., in otherwise ordering arbitration.

1. Inasmuch as the trial court's order specifically states that arbitration was ordered pursuant to FCSCLR 1000, it is unnecessary to address the procedural requirements of arbitration pursuant to OCGA § 9-9-1 et seq.

2. While the court has authority to order arbitration pursuant to FCSCLR 1000, which it did, such arbitration is·non-binding by its terms, FCSCLR 1000 (16), and the court is without authority to order binding arbitration thereunder absent specific agreement by the parties as to the conditions and rules of the arbitration process to be followed where such conflict with FCSCLR 1000. Under such circumstances, the procedural requirement of OCGA § 9-9-1 et seq., must be either complied with or waived by the parties.

Rule 1000 constitutes a compulsory, non-binding arbitration procedure. *Davis v. Gaona*, 260 Ga. 450, 451 (396 SE2d 218) (1990). Paragraph 16 thereof provides parties ordered to such arbitration the right to a jury trial upon timely demand after entry of the arbitration award. Id. at 453-454. Binding arbitration, on the other hand, is exclusively a creature of the Georgia Arbitration Code (Code), OCGA §§ 9-9-1 and 9-9-2 (c), in which the right to jury trial is waived by the parties at the outset — this in consequence of the written arbitration agreement between them. Id.; *Davis*, supra at 452. (OCGA §§ 9-11-38 and 9-11-39 (a) have been "interpreted to mean that a jury trial may only be waived by specific stipulation of the parties and no demand for a jury trial is necessary. See, e.g., *Raintree Farms v. Stripping Center*, 166 Ga. App. 848 (305 SE2d 660) (1983).") Moreover, we note that while binding arbitration is exclusively a creature of the Code, the parties to binding arbitration nonetheless have the latitude to appoint arbitrators by such method as they may provide in their agreements to arbitrate. OCGA § 9-9-7 (a).

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 19, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995 — 

*J. L. Jordan & Associates, J. L. Jordan,* for appellants.
*Deborah L. Green,* for appellees.