## S95G0719. EKEREKE et al. v. OBONG et al.
### (462 SE2d 372)

SEARS, Justice.

We granted certiorari in this case to consider whether, when parties agree during the course of litigation to submit their claims to binding arbitration, they waive the right to a jury trial. Even though the litigants in this case expressly agreed to submit all of their claims to binding arbitration, the Court of Appeals held that the right to a jury trial was not waived because the procedures followed in that arbitration rendered it non-binding. Because the Court of Appeals' decision erroneously negated the parties' express agreement to submit their claims to binding arbitration, which in turn waived their right to a jury trial, we now reverse.

Appellee Obong filed suit against appellant Ekereke and the Sanctified Mount Zion Church of Nigeria (collectively "Ekereke") on a multitude of counts, and Ekereke counterclaimed.[1] On January 25, 1993, the parties submitted a consent order to the trial court in which they expressly agreed to submit all issues involved in the case to binding arbitration. The consent order was signed by both parties, and was entered by the court. On January 27, 1993, the trial court entered an Order for Binding Arbitration, in which it "ordered [the case] for binding arbitration pursuant to Local Rule 1000 of Fulton County Superior Court." Both the consent order and the Order for Binding Arbitration were filed on January 28, 1993.

Arbitration was held, and an award was made in favor of Ekereke. Within 30 days, Obong filed an objection to the arbitration award, and made a demand for jury trial, with the trial court. The trial court affirmed the arbitration award, and denied Obong's demand for a jury trial.

The Court of Appeals reversed, ruling that because the trial court's Order for Binding Arbitration sent the case to arbitration pursuant to Fulton County Superior Court Local Rule 1000, which pro-

---

[1] The complaint initially was filed by Obong both individually and on behalf of the church. However, the church later sought and was granted permission to realign itself with Ekereke as a defendant in the lawsuit.

vides only for non-binding arbitration, the arbitration of the parties' claims was non-binding, and Obong's right to a jury trial was not waived.[2] It is from that reversal that Ekereke now appeals.

1. Civil litigants are guaranteed the right to a jury trial by both the Constitution of Georgia and the Civil Practice Act.[3] However, litigants are free to waive that right by express stipulation, which may be filed as part of the record or made orally before the court.[4] We find that an agreement made in a consent order to submit existing claims to binding arbitration is such a stipulation, and when a consent order containing such an agreement is entered, the right to a jury trial is waived. Accordingly, the parties' signed consent order, in which they expressly stated that they agreed to submit all of the issues in their case to binding arbitration, once entered by the trial court, waived their right to a jury trial.

We have previously held that pre-litigation contractual waivers of the right to a jury trial are not enforceable.[5] However, this case can be distinguished in that litigation had commenced when the right to a jury trial was waived, and our case law recognizes that such a waiver will be honored if made during the pendency of litigation.[6] Accordingly, the trial court did not err in denying Obong's demand for a jury trial after the arbitration award was made.

2. In its Order for Binding Arbitration, the trial court sent the case to binding arbitration pursuant to Fulton County Superior Court Local Rule 1000. That Local Rule sets forth procedures to be followed during court-ordered non-binding arbitration.[7] The Court of Appeals' opinion reasoned that the reference to Local Rule 1000 in the trial court's order rendered the arbitration of the parties' claims non-binding.[8]

While we recognize some slight ambiguity between the several references in the trial court's order to "binding arbitration" and its single reference to Local Rule 1000, the latter reference did not render the arbitration non-binding. It is clear that both parties desired binding arbitration, and the trial court's order, in its title and elsewhere, clearly stated that the arbitration ordered was to be binding. We find that the trial court's reference to Local Rule 1000 simply designated the necessary procedures to be followed in completing the ordered arbitration. In this regard, it is noteworthy that the consent

---

[2] *Obong v. Ekereke*, 216 Ga. App. 59, 60 (453 SE2d 84) (1995).
[3] *Bank South, N.A. v. Howard*, 264 Ga. 339 (444 SE2d 799) (1994) (citing Ga. Const. 1983, Art. I, Sec. I, Par. XI; OCGA § 9-11-38).
[4] *Howard*, 264 Ga. at 340; OCGA § 9-11-39.
[5] *Howard*, 264 Ga. at 340-341.
[6] Id. at 340.
[7] See *Davis v. Gaona*, 260 Ga. 450, 451 (396 SE2d 218) (1990).
[8] *Obong*, 216 Ga. App. at 60.

order submitted by the parties to the trial court did not specify any procedures for the requested arbitration, leaving the designation of such procedures to the trial court.[9]

3. Because the parties waived their right to a jury trial by submitting to the trial court a consent order in which they agreed to submit their claims to binding arbitration, and because the arbitration of the parties' claims was binding, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 1995.

*Deborah L. Green, C. Lawrence Jewett,* for appellants.
*J. L. Jordan,* for appellees.

---

[9] We note that in the future, for the sake of clarity, a more prudent course would be to send cases such as these to arbitration pursuant to the Georgia Arbitration Code, OCGA § 9-9-1 et seq., which provides for binding arbitration. However, for the reasons explained above, the trial court's failure to reference the Arbitration Code in this case will not overcome the parties' clearly expressed desire for binding arbitration.