S97A1763. MATTHEWS v. MATTHEWS.

(494 SE2d 325)

THOMPSON, Justice.

We granted a discretionary appeal in this divorce case and asked this question: Did the trial court err in finding that wife's demand for a jury trial was untimely under the provisions of OCGA § 19-5-1 (a)?

Rosalind Matthews sued Lionel Matthews for divorce and the case was set for trial during the week of October 14, 1996. Husband filed an answer on October 14, and the trial court sounded the case at the calendar call that same day. Because wife sought a continuance five days previously, the trial court continued the case and set it down for a bench trial on November 25.

On November 20, wife entered a demand for jury trial pursuant to OCGA § 19-5-1 (a). When wife did not appear at the calendar call on November 25, the trial court proceeded without a jury and entered judgment in the case. Thereafter, wife filed a motion attacking the judgment, asserting the trial court erred in hearing the case without a jury. The trial court denied the motion, finding that wife's demand for a jury trial was untimely.

1. A party is not entitled to a jury trial in a divorce case "[u]nless an issuable defense is filed as provided by law and a jury trial is demanded in writing by either party on or before the call of the case for trial." OCGA § 19-5-1 (a); see *Ivey v. Ivey,* 264 Ga. 435, 436 (1) (445 SE2d 258) (1994). There is no doubt that husband presented an issuable defense and that wife demanded a jury trial in writing. Thus, we must decide whether wife's demand was made on or before "the call of the case for trial." Because no Georgia case answers this

---

[14] See *Woodham v. State,* 263 Ga. 580 (439 SE2d 471) (1993).

question definitively, we have looked to the law of other jurisdictions and conclude that the words "call of the case for trial"

> mean that moment in time when the [trial court], in the regular course, calls out the number and title of the cause and determines that the parties are present and ready for trial; in other words, the beginning of the trial. . . . This is the accepted meaning of the term "called for trial." [Cits.]

*State v. Johnson*, 585 P2d 1328, 1333 (Mont. 1978).

It cannot be said that the trial court properly called this case for trial on October 14 because it did not determine that the parties were present and ready for trial. It follows that the trial court erred in ruling that wife's demand for jury trial was untimely. Cf. *Ivey v. Ivey*, supra (demand for jury trial in divorce action cannot be raised in midst of trial); *Smith v. Smith*, 223 Ga. 454 (1) (156 SE2d 18) (1967) (demand for jury trial in divorce action untimely when made after case sounded for trial and both parties announce ready). Moreover, it would hardly be fair to have required wife to demand a jury trial prior to the day the case was sounded when husband only filed his answer that same day.

2. When a party makes a timely demand for a jury trial, the trial court cannot proceed without a jury unless the parties consent to a bench trial by a written stipulation filed with the court or an oral stipulation made in open court and entered in the record. OCGA § 9-11-39 (a); *McLarin v. McLarin*, 224 Ga. 675 (163 SE2d 914) (1968). Of course, a party in a divorce case can, by her voluntary actions, impliedly waive a demand for a jury trial. *Holloman v. Holloman*, 228 Ga. 246, 247 (1) (184 SE2d 653) (1971); *Wise &c. Assoc. v. Rosser White &c., Inc.*, 146 Ga. App. 789, 795 (247 SE2d 479) (1978). A demand for a jury trial is impliedly waived where the party making the demand participates in a bench trial without objection. Compare *Servisco, Inc. v. R. B. M. of Atlanta*, 147 Ga. App. 671 (2) (250 SE2d 10) (1978) with *Camilla Cotton Oil Co. v. C. I. T. Corp.*, 143 Ga. App. 840, 841 (2) (240 SE2d 212) (1977). See also *Henderson v. County Bd. of Registration &c.*, 126 Ga. App. 280 (190 SE2d 633) (1972). In this case, wife did not expressly consent to a bench trial. And, inasmuch as wife did not take part in the trial at all, it cannot be said that she impliedly waived her jury trial demand.

Relying upon *Easterling v. Easterling*, 231 Ga. 889, 890 (2) (204 SE2d 610) (1974), husband asserts wife did impliedly waive her jury trial demand. In that divorce case, as in the case at bar, appellant asserted that the trial court erred in proceeding to trial without a jury. In ruling on that assertion and finding it to be without merit, the *Easterling* court noted only one thing — that that appellant

failed to appear at trial. To the extent that *Easterling* can be read to hold that a party waives a jury demand by failing to appear at a non-jury trial calendar call, it is disapproved. The issues raised in this case should have been submitted to a jury. It follows that wife is entitled to a new trial.

*Judgment reversed. All the Justices concur.*

SEARS, Justice, concurring.

I concur in the judgment because, under the present statutory scheme, a jury trial may be demanded until the moment the case is called for trial, and thus the demand in this case was timely made. Insofar as that demand was not followed with a written or oral stipulation consenting to a bench trial, the trial court erred in proceeding without a jury. However, I call upon the legislature to reconsider the wisdom of allowing divorce litigants to wait until moments before the commencement of trial to demand that their cases be tried before a jury. The rule is subject to rife abuse by litigants and their attorneys, and frustrates the economic use of judicial and legal resources.

DECIDED JANUARY 12, 1998.

*Donald E. Dyches, Jr.,* for appellant.
*Barr, Warner, Lloyd & Henifin, Karen D. Barr,* for appellee.